JOY A. SAN BUENAVENTURA 3602
Attorney At Law
A Law Corporation
101 Aupuni Street, Suite 311
Hilo, Hawaii 96720
Telephone: (808) 961-2131

Attorney for George and Tumata Tadeo

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE, | CIVIL NO. 04-CV-418 |
| Plaintiff, | MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE. |
| vs. | |
| MARK DANIEL DAVIS, et al. | |
| Defendants. | Hearing:  January 30, 2006<br>Time:        10:30 a.m.<br>Judge:      Hnr. Alan C. Kay |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

STATEMENT OF FACTS

Plaintiff's concise statement of facts attaches the policy, the complaint in the

underlying tort lawsuit, which includes the counts of Infliction of Emotional

Distress and Negligent Supervision, and the Judgment of Acquittal of Mark Davis,

Jr.  It did not allege any investigation by the Plaintiff-Insurer.

The discovery has not been completed in the underlying lawsuit:  To date,

Mark Daniel Davis has not answered any discovery.  Ellen Pearl Davis has not

responded to tort-Plaintiffs' second set of Interrogatories, Request for Admissions and Responses to Requests for Production of Documents.  None of the parties or witnesses have been deposed.  Mark Davis, Jr. has not testified nor made any formal statement in this or any other case; and any statement to the police he made during the investigation disclaimed any responsibility.

Intervenors have alleged Negligent Supervision as one of the causes of action but due to the inability to acquire answers to interrogatories, the recent acquisition of the school records and the voluminous police report (which were not provided by the police until 2 months after the Judgment of Acquittal was entered in the underlying criminal action), Intervenors are unable to determine the extent of Mark Daniel Davis and Ellen Pearl Davis's liability for negligent supervision. i.e. What if anything, did the parents contribute to the sexualizing of their mentally handicapped child by showing him and/or failing to prevent access to extensive video pornography in household; and further limiting his ability to understand his actions and the consequences thereof by providing and/or giving him access to marijuana.

ARGUMENT

**I.  Plaintiff, as the Homeowners Insurance Carrier, has a Duty to Investigate beyond Tort Plaintiff's Pleadings in Underlying Suit to Determine Facts that Raised Potential for Coverage.**

The Hawaii Intermediate Court of Appeals in *Bayudan v. Tradewind Ins. Co., Ltd.* 87 Haw. 379, 957 P.2d 1061 (1998) vacated and remanded a trial court's declaratory determination of coverage where the Homeowner's Insurance carrier did not investigate beyond the tort-plaintiff's pleadings.  In *Bayudan,* the Insured sought a declaratory judgment to determine his homeowner insurer's duty to defend him in a case initially alleging kidnapping and assault but later amended to add in a "slip-and-fall" claim.

Although the court had cast some doubt at to the timing of the amendment and the claim's coverage potential, the Intermediate Court of Appeals remanded the case with an instruction for the insurer to investigate and the trial court to determine whether the "slip and fall" claim raises a potential for coverage.  The ICA held that "where any claim in an action raises the **potential** for coverage, an insurer 'has a duty to accept the defense of the entire suit event though the other claims of the complaint fall outside the policy's coverage'".  *Bayudan,* 87 Haw. at 385 and 393.

If the Plaintiff-Insurer in the instant case investigated beyond the pleadings as required by *Bayudan,* and acquired the police report, it would determine that the Plaintiffs have a claim for negligent supervision and Defendants MARK DANIEL DAVIS and ELLEN PEARL DAVIS are negligent by breaching their duty to refrain from conduct that would create an unreasonable risk of harm to another.

See *Touchette v. Ganal*¸ 82 Haw. 293, 922 P.2d 347 (1996), where the Hawaii

Supreme Court reversed the trial court's dismissal and found that an action for

negligence lies in a complaint filed by the wife of Defendant's lover's brother from

the arson of her home and the death of her husband and children by Defendant

Ganal's husband.  The negligence claim arose from her allegations that Defendant

Ganal taunted her husband, flaunted her affair and otherwise caused Defendant

Ganal's husband to suffer severe emotional distress leading to the course of

conduct where Defendant Ganal's husband killed plaintiff's husband and children

by burning their house down.  The police report in the underlying case to the

instant action shows that Defendants MARK DANIEL DAVIS and ELLEN

PEARL DAVIS may have provided and/or failed to prevent access of their

mentally deficient child from marijuana in their home (see police report showing

that Mark Davis, Jr. had marijuana on him at time of arrest and the result of the

search warrant on the Davis home showing marijuana); thereby, further mentally

incapacitating an already mentally deficient child from determining right from

wrong; and may have shown and/or failed to prevent access to their mentally

deficient pubescent child from their video pornography; thereby, further

sexualizing and instructing such child in aberrant sexual behavior.  Defendant

MARK DANIEL DAVIS and ELLEN PEARL DAVIS are thus, negligent by

breaching their duty to supervise MARK DAVIS, JR by refraining from having

4

marijuana and extensive video pornography in their house accessible to MARK

DAVIS JR., a pubescent mentally deficient child who was unsupervised at the time

of the tort.  Thus, where there is a potential for coverage, there is a duty to defend.

## II.  Plaintiff, as the Homeowners Insurance Carrier, has a Duty to Defend and Indemnify Mark Davis, Jr.

At least one of the claims alleged in Intervenor's complaint filed in the

underlying suit raises the potential for coverage.  The Hawaii Supreme Court in

*Dairy Road Partners v. Island Insurance Company, Ltd.,* 92 Haw. 398, 992 P.2d

93 imposed a heavy burden on the insurer to overcome its duty to defend an

insured by not only requiring the insurer to investigate but to also prove that "there

was no genuine issue of material fact with respect to whether a *possibility* existed

that (the insured) would incur liability for a claim covered by the policies."  *Dairy*

*Road Partners* 92 Haw. at 412.  In other words, the insurer is required to prove that

it would be *impossible* for the claimants to prevail against the insured in the

underlying lawsuits on a claim covered by the policies.

a.  *Plaintiff Insurer has a Duty to Defend and Indemnify Mark Davis Jr. for the Assault Claim.*

The Complaint filed in the underlying lawsuit alleged a claim for assault that

resulted in the death of Kau`ilani Tiarau Lucas-Tadeo.  It did not describe how

such assault took place.  The Judgment of Acquittal attached to Plaintiff's Separate

Concise Statement of Undisputed Facts as Exhibit 3 states that Mark Davis Jr. was

charged with Murder in the Second Degree and two counts of Sexual Assault in the

First Degree[1].  It is probable for Intervenors to prevail against the insured in the

underlying lawsuit for the claim of sexual assault against Mark Davis Jr. and it is

possible for such a claim to be covered under Plaintiff's policy with Defendant

Davis, Jr.; thus, triggering Plaintiff-Insurer's duty to defend Mark Davis, Jr.

Plaintiff's reliance on *Hawaiian Ins. & Guar. Co., Ltd v. Brooks,* 67 Haw.

285, 686 P.2d 23 and *Hawaiian Ins. & Guar Co., Ltd. v. Blanco,* 72 Haw. 9, 804

P.2d 876 is misplaced because both have been overruled by *Dairy Road Partners*

*v. Island Ins.* 92 Haw. 398 (2000).  In fact, in *AIG Hawaii Ins. v. Estate of*

*Caraang,* 74 Haw. 620, 851 P.2d 321, the Hawaii Supreme Court does NOT

impose the objective standard on the tortfeasor's actions as argued by Plaintiff but

required the trial court to determine whether the insured's conduct was negligent or

innocent **from the insured's perspective.**

*Holmes' Appleman on Insurance,* 2nd Edition, Vol. 17 §119.6 discusses

insurance coverage for sexual misconduct of an insured.  The discussion in *Holmes*

not only covers the insurer's duty to defend but also the duty to indemnify.  Where

the assailant is a minor, especially one who may probably be unable to foresee the

expected or intended result of his sexually abusive behavior on the victim, the

---

[1] Sexual Assault in the First Degree is defined in Hawaii Revised Statutes § 707-730 as "knowingly subjects another person to an act of sexual penetration by strong compulsion; (or) knowingly engages is sexual penetration with another person who is less than fourteen years old…"

assailant's acts may be covered under the policy. *Eric Mills Holmes,* Holmes'
Appleman on Insurance, Second Edition, Vol. 117 §119.6 pp. 122-123.

Where Mark Davis, Jr. is a minor and was acquitted of the crime for the
same conduct alleged in the tort plaintiff's complaint because of his mental
incapacity, the "intentional" clause of the homeowners insurance policies that
prevents coverage is not applicable to deny coverage for indemnity and for defense
of the underlying claim.  See *Preferred Risk v. Saboda,* 489 So. 2d 768 (Fla. Dist.
Ct. App. 1986) where an insane insured's shooting of SWAT team was held to not
prevent homeowners policy coverage; *State Farm Fire & Cas. v. Morgan,* 368 S.E.
2d 509 (Ga. 1988) where summary judgment denying coverage was denied in a
case where the insured was voluntarily intoxicated at the time of killing his son and
daughter-in-law; *Rajspic v. Nationwide Mutual Ins. Co.,* 718 P.2d 1167 (Idaho
1986) where the Idaho Supreme Court held that an insane person may be liable for
an intentional tort yet may still not have intentionally caused an injury within the
meaning of the policy exclusion; *Aetna Cas. & Sur. Co. v. Dichtl* , 398 N.E.2d 582
(Ill. Appp. 1979) where the Illinois Supreme Court found that the Insured's act of
killing her husband did not fall within the intentional act exclusion of the
homeowner's policy; and *Preston v. Granger,* 517 So. 2d 1125 (La.App. 1987)
where the Louisiana appellate court held that "intent" for the purposes of the
exclusionary clauses in insurance policies denotes that the insured desired to cause

the consequences of his act or believes that consequences are substantially certain to result and that if a person is insane, he lacks the capacity to intentionally inflict an injury because he cannot comprehend the nature and consequences of his acts or distinguish right from wrong conduct.

The Plaintiff-insurer in this case has failed to investigate and the police report do not show any statements by Mark Davis, Jr. as to his intent at the time of the sexual assault on Kau`ilani Tiarau Lucas-Tadeo.  Although some of the above cases have held that it is possible for an insane person to intend to commit a crime and thus, be excluded from coverage; where the Plaintiff-Insurer in the instant case has not done the investigation required by *Dairy Roads Partners* prior to the filing of the instant Motion for Summary Judgment to disclaim its duty to defend and to indemnify, Plaintiff has failed to meet its burden necessary to show that the acts of Mark Davis Jr. is excluded from coverage.

> *b. Insurer has a Duty to Defend Mark Davis Jr. for the INFLICTION OF EMOTIONAL DISTRESS Claim.*

Count II of the Complaint filed in the underlying case alleged the infliction of emotional distress on the tort plaintiff-Intervenor parents of Kau`ilani Tiarau Lucas-Tadeo by Mark Davis, Jr. because of the assault by Mark Davis, Jr. on their child.  This Count alleges a claim that is covered by the insurance policy.  As stated earlier, the insurer did not conduct an investigation as to whether Mark Davis, Jr. intentionally caused the infliction of emotional distress suffered by

Intervenors nor is it likely that Mark Davis, Jr., who was found mentally incompetent at the time of the incident, had the ability to foresee and thus, intend to cause the emotional distress on the parent-intervenors by his assault on Kau`ilani Tiarau Lucas-Tadeo.  The fact that the Tadeos did not suffer bodily injury does not prevent coverage.

In *Allstate Ins. Co. v. Biggerstaff* (DC SC 1989) 703 F.Supp. 23, the Federal District court denied the insurer's summary judgment and granted the defense cross-motion for summary judgment on the question of the insurer's duty to defend claims for assault, trespass and intentional infliction of emotional distress.  The court held that bodily injury need not be manifested by physical loss, but emotional strain constitutes bodily injury in insurance parlance.  See also *Holcomb v. Kincaid* (1981 La App 2d Cir) 406 So. 2d 646 where the court rejected the insurer's claim that the mental anguish suffered by wife was not covered by the applicable homeowner's insurance policy; *Voorhees v. Preferred Mut. Ins. Co.* 91992) 607 A.2d 1255, 8 ALR5th 937 where the New Jersey court held that the insurer was duty bound to defend an emotional distress claim under the homeowner's insurance policy; and *Alber v. Farm Bureau Mut. Ins. Co.* (1991) 468 NW2d 282 where the Michigan Appellate court held that the insurer had a duty to defend the convicted criminal in a civil suit seeking compensation for emotional damages.

Where it is necessary that only one of the counts in the tort-Plaintiffs'
complaint alleges a claim that is *possibly* covered by the homeowners' insurance
policy, Plaintiff-Insurer is required to defend Mark Davis Jr. for the entire
complaint under the Hawaii Supreme Court holding in *Dairy Road Partners*.

b. *Insurer has a duty to Indemnify for the claim of INFLICTION OF
EMOTIONAL DISTRESS*

The same argument made earlier can be made here.  The Count alleging the
Infliction of Emotional Distress on the Tadeo parents is a claim that is covered by
the Davis insurance policy.  As stated earlier, the insurer did not conduct an
investigation as to whether Mark Davis, Jr. intentionally caused the infliction of
emotional distress suffered by Intervenors nor is it likely that even after
investigation will the insurer find that Mark Davis, Jr., who was found mentally
incompetent at the time of the incident, had the ability to foresee and thus, intend
to cause the emotional distress on the parent-intervenors by his assault on
Kau`ilani Tiarau Lucas-Tadeo.  The fact that the Tadeos did not suffer bodily
injury does not prevent coverage.

**IV. Plaintiff, as the Homeowners Insurance Carrier, Has a Duty to Defend
and Indemnify Defendants Mark Daniel Davis and Ellen Pearl Davis.**

In order to defeat a duty to defend, the Hawaii Supreme Court has held that
an insurer was required to prove that "it would be *impossible* for the (complainant-

intervenors) to prevail against (the insured) in the underlying lawsuits on a claim covered by the policies" *Dairy Road Partners,* 92 Haw. at 412.

a. *Vicarious Liability under Hawaii Revised Statutes § 577-3 for Mark Davis, Jr's Assault on Kau`ilani Tiarau Lucas-Tadeo and Infliction of Emotional Distress on the Intervenor Parents.*

Hawaii Revised Statutes §577-3 imputes liability on the parents of a minor for the torts committed by the minor. Thus, where Mark Davis, Jr. and his parents are insured by Plaintiff-Insurer, Mark Daniel Davis and Ellen Pearl Davis are covered to the same extent that Mark Davis, Jr. is covered for claims for bodily injury caused by Mark Davis Jr.'s non-intentional acts. If Mark Davis Jr. is found to have not intentionally caused the death of Kau`ilani Tiarua Lucas-Tadeo, as argued earlier, Plaintiff has a duty to provide defense coverage under the homeowner's insurance policy regardless of whether the insured is Mark Davis, Jr. or his parents, Mark Daniel Davis and Ellen Pearl Davis. Thus, the duty to defend Mark Davis, Jr. extends to Mark Daniel Davis and Ellen Pearl Davis to the extent that they are vicariously liable for Mark Davis Jr.'s acts under HRS §577-3.

b. *Plaintiff Insurer has a Duty to Defend and Indemnify Defendant Mark Daniel Davis and Ellen Pearl Davis for the Claim of Negligent Supervision.*-

In *AIG Hawaii Ins. v. Estate of Caraang,* 851 P.2d 321 (1993), the Hawaii Supreme Court held that the Insurance Company had a duty to defend **and indemnify** an insured in a case where the insured passenger shot at third-party. The intentional or criminal conduct of a third party does not apply to the insured.

In *Caraang,* the Hawaii Supreme Court held that if the insured's conduct was negligent or innocent, then from the insured's perspective the criminal act of another insured in shooting a third-party is negligent and thus, covered by the policy. The duty to defend and indemnify must be viewed from the insured's perspective. Thus, where Mark Daniel Davis and Ellen Pearl Davis have disclaimed any knowledge of the assault and murder on Kau`ilani Tiarau Lucas-Tadeo by Mark Davis, Jr., from their perspective, her assault and death is accidental if insured's conduct is negligent or innocent.

Tort-plaintiffs are claiming that Mark Daniel Davis and Ellen Pearl Davis are negligent in supervising Mark Davis, Jr. by leaving him unsupervised after-school, by providing or preventing access to marijuana in their home, and/or by showing him or preventing access to pornographic videos; thus, creating a risk of harm of amoral sexualized conduct by a mentally deficient pubescent boy to others.

Thus, in viewing the conduct of Mark Davis, Jr. from the perspective of his parents, Mark Daniel Davis and Ellen Pearl Davis, where their conduct is alleged by intervenors to be negligent, the injuries to intervenors are accidental and are covered by the Davis' homeowners insurance policy.

In both *Bayuden v. Tradewind Ins. Co., Ltd. ,* 87 Haw. 379 (1998) and *Dairy Road Partners v. Island Ins.* 92 Haw. 398 (2000), the Intermediate Court of

Appeals and the Hawaii Supreme Court, respectively, held that an Insurer had a duty to investigate beyond the tort plaintiff's pleadings to the extent that they raised potential for coverage.  In *Dairy Road Partners,* like the instant case, the factual investigation by the insurer was undeveloped.[2]  The Hawaii Supreme Court analyzed the allegations in both cases and held that where there are "claims for relief sounding in both negligence and intentional tort…, the potential existed for a judicial determination that the insured had *not* acted intentionally but *had,* nevertheless, breached a duty owing to the plaintiff, thereby legally causing injury."  (p. 421).  In *Dairy Road Partners,* the "negligence" claim for relief is similar to the instant case, that of negligent supervision.  In the present case, there are no allegations whatsoever that the insurer even did a cursory investigation in the matter; and thus, where the underlying tort complaint alleges both negligence and intentional torts, the potential exists for a judicial determination that the insured had *not* acted intentionally but *had, nevertheless,* breached a duty owing to the tort plaintiffs.

CONCLUSION

It is clear that the Plaintiff-Insurer has not done the investigation required by *Dairy Road Partners* and *Bayudan* before it can disclaim any responsibility in covering the Defendants Insured.  Thus, this court should deny Plaintiff's Motion

---

[2] In the present case there are no allegations that Plaintiff insurer did any investigation at all.

for Summary Judgment.  It may deny it without prejudice and wait and see whether the claims that result from the underlying lawsuit are covered by the policy as in *North Pacific Ins. Co. v. Wilson's Distrib. Serivce, Inc.* 138 Or.App.166, 908 P.2d 827, 832 (1995) as cited by *Dairy Road Partners* in 92 Haw. at 417.  Plaintiff Insurer is unable to meet its burden to deny its insured its duty to defend the underlying complaint because it cannot show without having done the investigation required by *Bayuden* and *Dairy Road Partners* that "there was no genuine issue of material fact with respect to whether a *possibility* existed that (the insured) would incur liability for a claim covered by the policies.  Admittedly, the duty to defend is greater than Insurer's duty to indemnify.  However, the Hawaii Supreme Court in *Dairy Road Partners* requires a trial court to consider any competent evidence adduced in the underlying claim even if it is subject to dispute before it can determine whether Insurer has no duty to indemnify.  *Dairy Road Partners,* 92 Haw. at 423.  Where there is no competent evidence before this court because no oral depositions have been taken and the only answers to interrogatories provided have been unsigned, Plaintiff's Motion for Summary Judgment is premature.

DATED:  Hilo, Hawaii, January 11, 2006

_____/s/ Joy A. San Buenaventura_____
JOY A. SAN BUENAVENTURA
Attorney for George and Tumata Tadeo

14