Of Counsel:
MATSUI CHUNG SUMIDA & TSUCHIYAMA
A Law Corporation

THOMAS TSUCHIYAMA        3768-0
Suite 1400 Mauka Tower
737 Bishop Street
Honolulu, Hawai`i 96813
Telephone No.   536-3711

Attorney for Defendants
MARK DAVIS, JR.,
MARK DANIEL DAVIS, and
ELLEN PEARL DAVIS

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| GEORGE L. TADEO, individually and as the Special Administrator of the state of KAU'ILANI TADEO, TUMATA H. TADEO, <br><br> Plaintiffs, <br><br> vs. <br><br> MARK DAVIS, JR., MARK DANIEL DAVIS, ELLEN PEARL DAVIS, JOHN DOES 1-20, <br><br> Defendants. | ) CIVIL NO. 03-1-0260 <br> ) (Puna) <br> ) (Wrongful Death) <br> ) <br> ) DEFENDANT ELLEN PEARL DAVIS' <br> ) RESPONSE TO PLAINTIFFS' FIRST <br> ) REQUEST FOR ANSWERS TO <br> ) INTERROGATORIES AND FOR <br> ) PRODUCTION OF DOCUMENTS TO <br> ) DEFENDANT ELLEN PEARL DAVIS, <br> ) DATED 8/25/04 <br> ) <br> ) <br> ) |

DEFENDANT ELLEN PEARL DAVIS' RESPONSE
TO PLAINTIFFS' FIRST REQUEST FOR ANSWERS
TO INTERROGATORIES AND FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT ELLEN PEARL DAVIS, DATED 8/25/04

Comes now Defendant ELLEN PEARL DAVIS by her attorneys, and

hereby responds to Plaintiffs' First Request for Answers to Interrogatories and

Production of Documents to Defendant Ellen Pearl Davis, dated August 25, 2004.



EXHIBIT A

DATED: HONOLULU, HAWAI‘I,   JUN 2 9 2005

THOMAS TSUCHIYAMA
Attorney for Defendants
MARK DAVIS, JR.,
MARK DANIEL DAVIS, and
ELLEN PEARL DAVIS

## INTERROGATORY 1

Please state your full legal name, address, social security number, date of birth and marital status.

Answer:

Ellen Davis
P.O. Box 38754
Detroit, MI  48238
SSN:  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
DOB:  3-3-63
Divorced

## INTERROGATORY 2

Where is Mark Davis, Jr. now?  Please identify the name, address of his custodian and provide his current address.

Answer:

In a youth facility at:
Turning Point
101 W. Townsend
St. John, Michigan

His custodian is the State of Hawai`i.

## INTERROGATORY 3

Please state when and how you first determined that Mark Davis Jr. does not have the mental capacity of a normal or average person of his age.

Answer:

I first became aware when Mark, Jr. was 5, through the school system.

## REQUEST FOR PRODUCTION OF DOCUMENTS 1

Plaintiffs request Defendant to produce all documents concerning Mark Davis, Jr.'s mental incapacity and her receipt of notice of such mental incapacity.

Response:

None in my possession.

## REQUEST FOR PRODUCTION OF DOCUMENTS 2

Plaintiffs request Defendant to produce all school and educational facility documents concerning Mark Davis Jr., including but not limited to, report cards, counselor letters, parent teacher conference requests, and any and all testing and their results.

Response:

None in my possession.

## INTERROGATORY 4

Please state as completely as possible when Mark Davis Jr. told you concerning the incident.

Answer:

He couldn't remember the incident, but said he took drugs the day of the incident.

## REQUEST FOR PRODUCTION OF DOCUMENTS 3

Plaintiffs request Defendant to produce all statements, letters, reports, drawings and all documents mailed, provided or otherwise that you possess that were made, written and/or drawn by Mark Davis, Jr.

Response:

None in my possession.

## INTERROGATORY 5

Please describe and identify all State of Hawai`i Department of Human Services Child Protective Services proceedings concerning Mark Davis, Jr. by stating the FC-S No., the name of the court the petition was filed in, the social worker involved, the date of the petition and the reasons stated in the petition for the initiation of any such proceeding.

Answer:

The only case I know about concerns this incident.

## REQUEST FOR PRODUCTION OF DOCUMENTS 4

Please produce all petitions, pleadings and documents concerning all cases described in your answer to Interrogatory 5.

Response:

While I lived in Hawai`i, I received a petition and pleadings regarding the Child Protective Services proceedings for this incident, but I do not have those now.

## INTERROGATORY 6

Please describe all residential moves and address changes you have made since the incident and the reason therefore.

Answer:

I moved from Opae Street on the Big Island because of threats being made to my other children. I moved to Michigan and lived at 17329 Rutherford. I then moved from 17329 Rutherford and resided at several different safe houses (confidential) to avoid my ex-spouse.

## INTERROGATORY 7

From the date Mark Davis, Jr. was born until the present, please identify all baby-sitters, teachers, guardians and custodians who has watched, taught or is legally responsible for the case and well-being of Mark Davis, Jr. When identifying such persons, please state their full names, addresses and the dates that they had watched, baby-sat or cared for Mark Davis Jr.

Answer:

Mark, Jr. was in the Detroit and Hawai`i public school systems from the age of 5. At 14, he was placed in the Hawai`i Mental Hospital and Youth facility

## REQUEST FOR PRODUCTION OF DOCUMENTS 5

Please produce all documents concerning any contract, agency, agreement or any document evidencing the transfer of any care or control of Mark Davis Jr. for any period of time.

Response:

I do not have these.

## REQUEST FOR ADMISSIONS 1

Plaintiffs request Defendant to admit that she is the natural mother of Mark Davis Jr.

Answer:

Yes

## REQUEST FOR ADMISSIONS 2

Plaintiffs request Defendant to admit that she is the legal mother of Mark Davis Jr.

Answer:

Yes, but since the incident, the State of Hawai`i has assumed legal custody of Mark Davis, Jr.

## REQUEST FOR ADMISSIONS 3

Plaintiffs request Defendant to admit that on the date of the incident, she was the legal mother and legal custodian of Mark Davis Jr.

Answer:

Yes.

## REQUEST FOR PRODUCTION OF DOCUMENTS 6

Plaintiffs request Defendant to produce Mark Davis Jr.'s birth certificate.

Response:

See attached.  Mark, Jr. was born August 12, 1987.

## REQUEST FOR PRODUCTION OF DOCUMENTS 7

If you deny, Request for Admissions 1, 2 or 3, please provide all documents that support your denial.

Answer:

Not applicable.

## INTERROGATORY 8

If you deny Request for Admissions 1, 2 or 3, please state all facts supporting any or all of your denial and identify, with names and addresses, all witnesses that support any or all of your denials.

Answer:

Not applicable.

## INTERROGATORY 9

Please describe in detail your understanding of how Kau`ilani Tadeo died or how the incident occurred.

Answer:

I was told that Kau`ilani Tadeo was hit with a blunt object and raped.

## INTERROGATORY 10

Please describe the basis for your answer to interrogatory 9 and identify all witnesses, by stating their full names addresses, in support of your answer to interrogatory 9.

Answer:

Detectives investigating the case in Hawai'i informed me of this.

## REQUEST FOR PRODUCTION OF DOCUMENTS 8

Please produce all documents in support of your answers to interrogatories 9 and 10, including all statements you have made or written or recorded concerning the incident.

Answer:

None in my possession.

## INTERROGATORY 11

On the date of the incident, please state your address, the name of your employer, his/her address, and describe your occupation.

Answer:

15-2685 Opae Street
Pahoa, Hawai`i 96778-8702
I was not employed at the time.

## INTERROGATORY 12

On the date of the incident, please describe in detail your schedule and what you did that day and identify whom you talked to from the time you woke up to the time you went to sleep.

Answer:

I do not recall.

## INTERROGATORY 13

On the date of the incident, please describe Mark Davis Jr.'s schedule from the time he woke up to the time he went to be, including his class schedule, if any.

Answer:

He attended school that day.  When he returned home, he changed his clothes and went outside to ride his bike.

## INTERROGATORY 14

On the date of the incident, please identify all persons responsible for the care, well-being and custody of Mark Davis, Jr. from the school bus driver, if any, to the teachers and baby-sitters, if any.  Please state their full names, addresses, occupations and dates they cared for Mark Davis, Jr.

Answer:

I don't recall the bus driver's name or Mark, Jr.'s teacher's name.

## INTERROGATORY 15

Prior to the date of the incident, did you inform any of the people you identified in interrogatory 14 any concern you may have of actions by Mark Davis, Jr. toward third-party or play mates that may be actual or perceived violence or aberrant behavior.  If so, please identify all people whom you have gave notice of your concern, describe what you informed them and the dates of when you told them, and identify all witnesses to such notice.

Answer:

To my knowledge, Mark, Jr. was never violent.

## REQUEST FOR PRODUCTION OF DOCUMENTS 9

Please produce all statements and all documents you have in support of your answer to interrogatory 15.

Answer:

None available.

## REQUEST FOR PRODUCTION OF DOCUMENTS 10

Please produce all medical and therapeutic records and documents of Mark Davis, Jr.

Response:

None in my possession.

## REQUEST FOR PRODUCTION OF DOCUMENTS 11

Please produce your current marriage license or certificate; if different, the marriage certificate or license you have at the time of incident; if different, the marriage certificate or license you have at the time of Mark Davis, Jr.'s birth; and if different, the marriage certificate or license you have at the time of Mark Davis, Jr.'s conception..

Response:

None in my possession.

## REQUEST FOR ADMISSIONS 4

Plaintiffs request Defendant to admit that Defendant Mark Daniel Davis is the natural father of Mark Davis Jr.

Answer:

Yes.

## REQUEST FOR ADMISSIONS 5

Plaintiffs request Defendant to admit that Defendant Mark Daniel Davis is the legal father of Mark Davis, Jr.

Answer:

Yes, he was at the time of the incident.

## REQUEST FOR ADMISSIONS 6

Plaintiffs request Defendant to admit that on the date of the incident, Defendant Mark Daniel Davis was the legal father and legal custodian of Mark Davis Jr.

Answer:

Yes.

## REQUEST FOR ADMISSIONS 7

Plaintiffs request Defendant to admit that Mark Davis, Jr. assaulted and killed Kau`ilani Tadeo.

Answer:

I don't know.

## REQUEST FOR PRODUCTION OF DOCUMENTS 12

If you deny, Request for Admissions 4, 5, 6 or 7, please provide all documents that support your denial.

Response:

Not applicable.

## INTERROGATORY 16

If you deny Request for Admissions 4, 5, 6 or 7, please state all facts supporting any or all of your denial and identify, with names and addresses, all witnesses that support any or all of your denials.

Answer:

Not applicable.

## INTERROGATORY 17

Please describe any prescriptions or medications that you may have been under or were taking your pregnancy of Mark Davis, Jr.

Answer:

High blood pressure medication, but I don't recall the name.

## REQUEST FOR PRODUCTION OF DOCUMENTS 13

Please produce all prescriptions, medical records and other documents concerning your pregnancy of Mark Davis, Jr.

Response:

None available.

## REQUEST FOR PRODUCTION OF DOCUMENTS 14

For the period of his birth until the present, please provide all complaints, of any nature, all letters, and other documents concerning the behavior of Mark Davis Jr. as it relates to third parties or animals.

Response:

None in my possession.

## INTERROGATORY 18

Please identify by stating the names and addresses and describe all educational and/or therapeutic facilities that you have enrolled or admitted into Mark Davis Jr., from the date of his birth until the present.

Answer:

He was placed in special education classes in Detroit and Hawai`i public schools.

## INTERROGATORY 19

Please identify by stating the full names, addresses and occupations of all therapists, psychologists, psychiatrists, special education teachers, psychotherapists, doctor, physician and/or medical provider of Mark Davis, Jr. and state the dates within which these people treated or taught Mark Davis, Jr.

Answer:

I don't recall the names and dates.

## INTERROGATORY 20

Please state the time, location, quantity and type of all medications consumed by Mark Davis Jr. or prescribed to Mark Davis Jr. on the date of the incident or within 1 month of the incident.

Answer:

I don't recall.

## REQUEST FOR PRODUCTION OF DOCUMENTS 15

All prescriptions, receipts, and all documents of medication for Mark Davis Jr. concerning medication that he had taken or was under the influence of on the date of the incident.

Response:

I don't have these.

## INTERROGATORY 21

Please state the time, location, quantity and type of all drugs (prescription and non-prescription) or medicines or alcohol taken by you during the seventy-two hour period immediately preceding the incident.

Answer:

High blood pressure medication, and I believe I consumed 2 cans of beer

## REQUEST FOR PRODUCTION OF DOCUMENTS 16

Please produce all prescriptions of drugs or medicines issued to you and all documents issuing such prescriptions that were valid at the time of the incident.

Response:

None available.

## INTERROGATORY 22

Please describe in detail any physical or other disability, if any, that may affect Mark Davis Jr.'s behavior on the date of the incident.

Answer:

Objection

Vague, ambiguous, and overbroad.

_____
Thomas Tsuchiyama

Without waiving the above, this Defendant states: I am not aware of any disability.

## INTERROGATORY 23

Please describe in detail any physical or other disability, if any, that may affect your ability to supervise Mark Davis Jr.'s behavior on the date of the incident.

Answer:

Objection

Vague, ambiguous, and overbroad.

_____
Thomas Tsuchiyama

Without waiving the above, this Defendant states: I do not believe I was disabled.

## INTERROGATORY 24

Please state all facts, make any statement or further explain any answer, which you feel are an important factor in the investigation of this incident.

Answer:

Objection

Vague, ambiguous, and overbroad.

_____
Thomas Tsuchiyama

Without waiving the above, this Defendant states: I was not disabled.

## INTERROGATORY 25

Identify all witnesses and their addresses that you intend to call on your behalf in this matter.

Answer:

Myself, and Plaintiffs George L. Tadeo and Tumata H. Tadeo. I may call one or more of Mark, Jr.'s teachers at Pahoa Intermediate School, but I do not recall their names. Discovery is ongoing.

## INTERROGATORY 26

Identify all expert witnesses, area of expertise, and their addresses that you intend to call on your behalf in this matter.

Answer:

None has been retained to date. Please see my Responsive Pretrial Statement, Settlement Conference Statement, and Final Naming of Witnesses, when filed.

## REQUEST FOR PRODUCTION OF DOCUMENTS 17

Please produce all statements acquired by you from the witnesses identified in interrogatories 25 and 26, including recordations, notes, written statements and all documents acquired by you or your agent from said witnesses regarding the subject of his/her testimony or anything regarding the parties or the subject of the above-entitled case.

Response:

Objection

Overbroad, and violates the attorney-client privilege and work product doctrine.

_____
Thomas Tsuchiyama

Without waiving the above, this Defendant states: none at this time.

## INTERROGATORY 27

If you have any insurance coverage for the matter complained of herein, state the name of the insurance company, the policy number and the maximum amount of coverage available.

Answer:

Allstate Insurance Company
Policy No. 064490342
Applicable policy limits: $300,000

## REQUEST FOR PRODUCTION OF DOCUMENTS 18

Please produce all insurance policies, riders and other documents on the vehicular insurance coverage applicable for the incident.

Response:

I don't believe that any vehicular insurance applies in this case.

## INTERROGATORY 28

Pursuant to your claim of contributory negligence as alleged in your answer, please describe in detail each act, or each failure to act by Plaintiffs, or any of them, which cause or contributed to the happening of this incident.

Answer:

Plaintiffs perhaps should have supervised, or arranged for closer supervision of, their 6-year-old daughter. Discovery is ongoing.

## INTERROGATORY 29

Please identify all witnesses to all facts and events described in your answer to interrogatory 28.

Answer:

Plaintiffs George L. Tadeo and Tumata H. Tadeo. Discovery is ongoing.

## REQUEST FOR PRODUCTION OF DOCUMENTS 19

Please produce all documents; including photographs, charts and diagrams, that support your answer to interrogatory 28.

Response:

None available.

## INTERROGATORY 34

Pursuant to your defense of failure to join indispensable parties as alleged in your answer, please identify all such parties you claim are indispensable.

Answer:

None can be identified at this time. However, Plaintiffs filed suit against John Does 1-20, alleging in paragraphs 7, 8, and 9 of their Complaint, that there were other potential defendants.

## INTERROGATORY 35

Please identify all exhibits that will or may be introduced by your or your lawyer in the trial of the above-entitled case, and describe the facts that they will be supporting.

Answer:

A decision on which exhibits may or will be introduced has not been made. Please see Defendants' Exhibit List, when submitted.

## REQUEST FOR PRODUCTION OF DOCUMENTS 20

Please produce all documents described in your answer to interrogatory 35.

Response:

None available.

## INTERROGATORY 36

Did you answer the above interrogatories and requests for admissions not only from information known by you but also from information which is in the possession of your attorney or his agent or anyone else acting in your behalf?

Answer:

Yes.

## INTERROGATORY 37

If the answer to interrogatory 36 is other than "yes," explain why such answers were not retrieved from the information in the possession of your attorney or his agent or anyone else acting in your behalf?

Answer:

Not applicable.

-15-

## INTERROGATORY 38

Did you produce the documents requested from documents in your own physical possession and also from documents in your attorney's or his agent's possession and those in your and/or agent's control; i.e. those retrievable by you through your authorization?

Answer:

Yes.

## INTERROGATORY 39

If the answer to interrogatory 38 is other than "yes," explain why such documents were not retrieved from the possession of your attorney or his agent or anyone else acting in your behalf or from the possession of one who will provide such documents to you upon your authorization?

Answer:

Not applicable.

STATE OF MICHIGAN )
                                ) SS.

COUNTY OF _____ )

         ELLEN PEARL DAVIS, being first duly sworn on oath, deposes and says

that she has carefully made and reviewed the foregoing answers to interrogatories and

production of documents and they are true and correct to the best of her knowledge,

information and belief.


                                         _____

                                         ELLEN PEARL DAVIS

Subscribed and sworn to before me
this _____ day of _____, 2005.


_____
Notary Public, State of Michigan


_____
Printed Name

My commission expires: _____





Harper-Grace Hospitals
Grace Hospital Division

This Certifies that

_____

was born in The Grace Hospital of Detroit, Michigan

at _____ m. Weight _____ lbs. _____ oz. on the _____ day of _____ A.D. 19 _____

Hospital Number _____

**In Witness Whereof** the said Hospital has caused
this Certificate to be signed by its duly authorized officer
and its Corporate Seal to be hereunto affixed

Physician-in-Charge

Administrator