**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

KEITH K. HIRAOKA    3423-0
*khiraoka@rlhlaw.com*
841 Bishop Street, Suite 900
Honolulu, Hawaiʻi  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

Guardian *ad Litem* and Attorney
for Defendant MARK DAVIS, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| ALLSTATE INS. CO., | ) | 1:04-CV-00418-ACK-BMK |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**; CERTIFICATE OF SERVICE |
| vs. | ) | |
| MARK DANIEL DAVIS, *et al.,* | ) | |
| Defendants. | ) | Date:   March 28, 2006 |
| | ) | Time:   9:30 a.m. |
| 99-196 | | Judge:  Alan C. Kay |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's motion for summary judgment should be denied because:

1.  The Court should decline to exercise jurisdiction over this declaratory judgment action;

2.  The state court complaint alleges an "occurrence;" and

3.  Allstate has not met its burden of proving that the exclusion applies; or

4.  The Court should stay this declaratory judgment action until final disposition of the underlying state court action.

## I. OBJECTION TO JURISDICTION

The only claim asserted by Allstate is for declaratory relief. When this case was filed, there was already an action pending in state court involving the same issues and parties (*see* Allstate's Exhibit 2). The state court action remains pending. Accordingly, Defendant Mark Davis, Jr. objects to the Court's exercise of discretionary jurisdiction under the Declaratory Judgment Act. ***Government Emp. Ins. Co. v. Dizol***, 133 F.3d 1220, 1225 (9th Cir. 1998) ("If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.") (*citing* ***Chamberlain v. Allstate Ins. Co.***, 931 F.2d 1361, 1366-67 (9th Cir. 1991).

## II. THE UNDERLYING COMPLAINT ALLEGES AN "OCCURRENCE"

Because Allstate promised to defend its insureds against a lawsuit "even if the allegations are groundless, false or fraudulent", the allegations in the state

court plaintiffs' complaint determine whether Allstate has a duty to defend Mark Davis, Jr.. **AIG Hawaii Ins. Co., Inc. v. Smith**, 78 Hawaiʻi 174, 178, 891 P.2d 261, 265 (1995), *recon. denied*, 78 Hawaiʻi 421, 895 P.2d 172 (1995).  If the complaint contains allegations of liability against Mark which, if proven, would fall within the coverage of the insurance policy, Allstate is obligated to defend. *See* **Sentinel Ins. Co., Ltd. v. First Ins. Co. of Hawaii, Ltd.**, 76 Hawaiʻi 277, 287, 875 P.2d 894, 904 (1994).  If the complaint alleges facts within coverage, Allstate may rely upon extrinsic facts as a basis for disclaiming its duty to defend only if it can show that none of those facts might be resolved differently in the state court lawsuit.  **Dairy Road Partners v. Island Ins. Co., Ltd.**, 92 Hawaiʻi 398, 421-22, 992 P.2d 93, 116-17 (2000).

The state court complaint (Allstate's Exhibit 2) alleges among other things that Mark "negligently . . . assaulted Plaintiff Kauʻilani Tiarau Lucas-Tadeo." Since the complaint specifically alleges Mark's negligence, Allstate has a duty to defend Mark "even if the allegations [of negligence] are groundless, false or fraudulent."  **Gray v. Zurich Ins. Co.**, 65 Cal.2d 263, 271-72, 419 P.2d 168, 173, 54 Cal.Rptr. 104, 109 (1966) ("No one can determine whether the third party suit does or does not fall within the indemnification coverage of the policy until that suit is resolved;  in the instant case, the determination of whether the insured

engaged in intentional, negligent or even wrongful conduct depended upon the judgment in the [tort] suit[.]").

### III. ALLSTATE'S EXCLUSION

Allstate has the burden of proving the applicability of its coverage exclusion. **Sentinel Ins. Co., Ltd. v. First Ins. Co. of Hawaii, Ltd.**, *supra,* 76 Hawai'i at 292 n.13, 875 P.2d at 909 n.13. The only evidence offered by Allstate is Exhibit 3, which is purported to be a judgment entered in a state court criminal action against a person named Mark Davis, Jr.

The Mark Davis, Jr. who is a defendant in this case objects to Exhibit 3 because it is not properly authenticated. Fed. R. Evid. 901. **Pioneer Mill Co., Ltd. v. Dow**, 90 Hawai'i 289, 297, 978 P.2d 727, 735 (1999) ("an affidavit of counsel swearing to the truth and accuracy of exhibits does not authenticate exhibits not sworn to or uncertified by the preparer or custodian of those exhibits"); **Nakato v. Macharg**, 89 Hawai'i 79, 89, 969 P.2d 824, 834 (App. 1998) (attorney's declaration, in support of a motion for summary judgment, purporting to authenticate a document he received from a third party, was not based on personal knowledge).

Mark also objects to Exhibit 3 for lack of foundation. There is no evidence that Mark is the person named as a defendant in Exhibit 3. There is no evidence

that the victim of the crimes mentioned in Exhibit 3 was Kauʻilani Tiarau Lucas-Tadeo.  Since there is no foundation establishing relevance, Exhibit 3 is not admissible for purposes of Allstate's motion.  Fed. R. Evid. 402.

Since Allstate has not adduced admissible evidence to establish the applicability of its coverage exclusion, Allstate's motion should be denied.

### IV.    THIS ACTION SHOULD BE STAYED

The underlying state court complaint alleges negligent as well as intentional misconduct by Mark.  Allstate's coverage defense is based upon the theory that Mark's conduct was actually intentional, and not negligent.  Since there is a common issue of fact, this declaratory judgment action should be stayed[1] to allow the factual issue to be decided in the state court tort action.  ***State Farm Fire & Cas. Co. v. Poomaihealani***, 667 F.Supp. 705, 707 (D.Haw. 1987).

For the foregoing reasons, Mark requests that Allstate's motion be denied.

Dated:  Honolulu, Hawaiʻi, 9 March 2006.

/s/ Keith K. Hiraoka
KEITH K. HIRAOKA
Guardian *ad Litem* and Attorney for
Defendant MARK DAVIS, JR.

---

[1] If it is not dismissed pursuant to ***Government Emp. Ins. Co. v. Dizol***, 133 F.3d 1220 (9th Cir. 1998), discussed in Section I.