JOY A. SAN BUENAVENTURA 3602
Attorney At Law
A Law Corporation
101 Aupuni Street, Suite 311
Hilo, Hawaii 96720
Telephone: (808) 961-2131

Attorney for George and Tumata Tadeo

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE,<br><br>          Plaintiff,<br><br>vs.<br><br>MARK DANIEL DAVIS, et al.<br><br>          Defendants. | CIVIL NO. 04-CV-418<br><br>INTERVENORS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE.<br><br>Hearing: January 30, 2006<br>Time:    10:30 a.m.<br>Judge:   Hnr. Alan C. Kay |

**INTERVENORS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

INTRODUCTION

Plaintiff in its Reply Memorandum claims "it is completely irrelevant whether Defendant acted with the subjective intent to harm Kau`ilani," and "All that matter is that the Defendant's acts –as alleged in the pleadings in the Underlying Lawsuit – were intentional, and that bodily injury would reasonably be expected to result from those acts." Plaintiff relies on this court's decision in

*Allstate v. Kim,* 121 F.Supp.2d 1301 for this position. Intervenors will not repeat the argument that the Hawaii Supreme Court requires "intent" to be determined from the perspective of the Insured as stated in its Memorandum in Opposition filed herein.

Moreover, *Kim*'s fact pattern is different from the present one. That case dealt with a very detailed complaint from which this court determined that the assault in the underlying tort complaint was intentional. In the present case, the complaint is general by necessity because the underlying criminal case was a juvenile proceeding which was closed from public scrutiny; and the defendants have never admitted fault nor described how the assault has taken place. See Deposition of Mark Davis, Jr.

Secondly, the allegations in *Kim* against the parent-defendants were solely vicarious in nature; unlike, the present case where there are allegations of the defendant-parents negligently raising Mark Davis, Jr. as shown in the Declaration of Harold V. Hall. Thus, the Davis parents own actions are negligent in nature; and thirdly, unlike the minor in *Kim,* the defendant Mark Davis, Jr. was acquitted of the assault due to his mental incapacity; thus, there is a factual issue of whether he intended the injuries suffered by the decedent and the emotional injuries of the Intervenors.

ARGUMENT

### *I. The Exclusion Clause Must be Strictly Construed Against the Insurer.*

Plaintiff claims that the mere allegation of an "assault" in the underlying tort complaint is sufficient for a denial of coverage based upon the following language:

> "5.  We do not cover bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
>
> a) such insured person lacks the mental capacity to govern his or her conduct;"

From the plain reading of the above exclusion clause, before the "mental capacity" clause is applicable, a finding must first be made that the injuries complained of in the underlying tort complaint must be "intended by or reasonably expected to result from the intentional or criminal acts or omissions of" the insured person.

None of the parties have cited cases where the above exclusionary clause was totally embodied in the cited court's opinion.

The following are cases that involve Allstate homeowner's policies: *Allstate Insurance Co. v. Barron,* 269 Conn. 394, 848 A.2d 1165, 2004 Conn. Lexis 212 where the Connecticut Supreme Court affirmed a trial court's denial of Allstate's Motion for Summary Judgment on the issue of coverage where a homicide was alleged in the underlying tort action. The Connecticut Supreme Court found that "the crucial issue of fact … is not whether [the insured's] actions were intentional

3

in the narrow sense that they were deliberate, but whether [the insured's] intent was negated by [the insured's] inability to understand the wrongfulness of her conduct or to control her conduct." Accordingly, the Connecticut Supreme Court affirmed the trial court's denial of the Allstate's motion for summary judgment and stated that such denial was required even in the absence of any objection or supporting documents filed by the defendants.

Another case is *Allstate Ins. Co. v. Carr,* 409 A.2d 782 (1979) where the New Hamphsire Supreme Court held that the Insurer failed to meet its burden that a shooting is intentional.

A third case is *Allstate v. Biggersaff,* 703 F.Supp. 23 (1989) where the U.S. District Court in South Carolina held that the insurer was required to defend in a case alleging assault and infliction of emotional distress and a fact question remained regarding insurer's duty to indemnify precluding summary judgment because not only must the act itself be found to be intentional but also that the injury resulting from the acts must have been intended.

A fourth case is *Allstate v. Overton,* 206 Cal. Rptr. 823, 160 Cal.App.3d 843, where the California Supreme Court refused to apply *collateral estoppel* on an assault conviction of the tortfeasor defendant in denying Allstate's motion for summary judgment. The California Supreme Court found that Allstate was not

4

relieved of the duty to indemnify or to defend an assault case simply because the assault was alleged and the tortfeasor defendant was convicted of the assault.

Admittedly the fact pattern in the underlying case has not been determined by the Hawaii Supreme Court in a published opinion and this court may wish to certify the question posed herein for the Hawaii Supreme Court's determination. Should this court choose not to certify the question for determination, the underlying policy should be construed in the light favorable to the insured.

Because an insurance policy is a contract of adhesion, an exclusion clause must be strictly construed against the insurer. *Ratherford v. Kama,* 52 Haw. 91, 470 P.2d 517 (1970) and *Estate of John Doe v. Paul Revere Ins. Co.,* 86 Haw. 262, 948 P.2d 1103 . In strictly construing the instant policy, not only must Allstate bear the burden of proving that the assault was intentional from the Mark Davis, Jr's perspective but also that the insured intended the injuries of death on Kai`ulani and emotional distress on the Intervenor-parents; and the burden of proving that the actions/omissions of the Defendant Davis parents were intentional in not preventing Mark Davis, Jr. access to illegal substances and/or pornography but that they intended the death on Kai`iulani and the emotional distress on the Defendant Davis parents by their acts or omissions on Mark Davis, Jr.

CONCLUSION

5

The general complaint allegation of assault is insufficient for Allstate to meet its burden that the exclusion in the policy is applicable; and thus, Allstate's Motion for Summary Judgment must be denied.

DATED:  Hilo, Hawaii, March 22, 2006.

/s/ Joy A. San Buenaventura
JOY A. SAN BUENAVENTURA
Attorney for George and Tumata Tadeo

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2006, a true and correct copy of the foregoing was duly served upon the following by delivering in the following manner at their last known address:

**Served Electronically by CM/ECF**

Richard B. Miller   rmiller@tmp-hawaii.com          on March 22, 2006

Keith K. Hiraoka   khiraoka@rlhlaw.com          on March 22, 2006.

**Served by U.S. Mail**

Ellen Pearl Davis, PO Box 38754, Detroit, MI 48238 on March 22, 2006

DATED:  Hilo, Hawaii, March 22, 2006.

       /s/ Joy A. San Buenaventura_____
      JOY A. SAN BUENAVENTURA