**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

KEITH K. HIRAOKA    3423-0
*khiraoka@rlhlaw.com*
841 Bishop Street, Suite 900
Honolulu, Hawai'i  96813-3917
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

Guardian *ad Litem* and Attorney
for Defendant MARK DAVIS, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| ALLSTATE INS. CO., | ) | 1:04-CV-00418-ACK-BMK |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN RESPONSE** |
| | ) | **TO PLAINTIFF'S** |
| vs. | ) | **SUPPLEMENTAL FILING;** |
| | ) | CERTIFICATE OF SERVICE |
| MARK DANIEL DAVIS, *et al.*, | ) | |
| | ) | Date:  March 28, 2006 |
| Defendants. | ) | Time:  9:30 a.m. |
| | ) | Judge:  Alan C. Kay |

99-196

**MEMORANDUM IN RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL FILING**

During the hearing on Plaintiff's motion, the Court mentioned the case of

***Northern Ins. Co. of New York v. Hirakawa***, 68 Fed.Appx. 835 (9th Cir. 2003).

Counsel for Defendant MARK DAVIS, JR. represented Northern Insurance Co. in

that case. Unfortunately, Ninth Circuit Rule 36-3 does not allow Mark Jr. to cite the case to the Court.[1]

Allstate's supplemental filing establishes that Mark Davis, Jr. was charged with the sexual assault and murder of Kauʻilani Lucas-Tadeo, and that Mark Jr. was acquitted of the criminal charges by reason of insanity. In ***Allstate Cas. Ins. Co. v. Griffin***, 2005 WL 2122053 (N.D.Cal. 2005), the court held that because a finding of legal insanity negated any crime having been committed, Allstate's criminal act exclusion did not apply. In ***Griffin***, Allstate's insured stabbed another person and was charged with assault with a deadly weapon and assault by means likely to cause great bodily injury. The insured was tried and found not guilty by reason of insanity. The stabbing victim filed a tort suit in state court. Allstate defended the insured under a reservation of rights and filed a declaratory judgment action. Allstate contended that its criminal act exclusion (which was identical to the exclusion at issue in this case) barred coverage. The tort plaintiff argued that the insured did not commit a "criminal act" because he was found not guilty by reason of insanity. The court agreed that a finding of legal insanity negated any

---

[1] *But cf.* ***Herring v. Teradyne, Inc.***, 256 F.Supp.2d 1118 (S.D.Cal. 2002) (Ninth Circuit rule governing citation of unpublished dispositions or orders did not bar district court from considering unpublished decisions of other federal <u>district</u> courts; however, such decisions are not binding, and at most are persuasive authority).

crime having been committed. Accordingly, held the court, the criminal act exclusion did not apply. In this case, Mark Jr. was acquitted by reason of insanity. Allstate's criminal acts exclusion does not apply.

The Tadeos' tort complaint alleges that Mark negligently injured Kauʻilani. The record indicates that Mark, who is mentally retarded, was raised in a very dysfunctional home environment where the types of acts he committed were viewed as acceptable. Mark's state of mind at the time of the occurrence is unclear. Accordingly, there is a genuine issue of material fact about whether Allstate's exclusion for intentional acts applies. **Allstate Ins. Co. v. Kovar**, 299 Ill.Dec. 916, 842 N.E.2d 1268 (2006) (battery conviction did not collaterally estop insured from arguing that injury to the underlying tort plaintiff was negligently inflicted).[2] *See also,* **Allstate Ins. Co. v. Takeda**, 243 F.Supp.2d 1100, 1109 (D.Haw. 2003), where notwithstanding the insured's conviction of first degree assault following a no contest plea, Judge Mollway denied Allstate's motion for

---

[2]   *But cf.* **Tradewind Ins. Co., Ltd. v. Stout**, 85 Hawaiʻi 177, 938 P.2d 1196 (App. 1997), *cert. denied*, 85 Hawaiʻi 81, 937 P.2d 922 (1997) (shooting victim was collaterally estopped from contending that insured, who had been convicted of attempted murder, did not intend to cause her death for purposes of liability insurance policy exclusion of coverage for expected or intended injuries).

summary judgment because there was a question of fact about whether Allstate's criminal act exclusion barred coverage.[3]

For the foregoing additional reasons, Mark Jr. requests that Allstate's motion for summary judgment be denied, and that further proceedings in this case be stayed pending final disposition of the underlying tort action pursuant to ***State Farm Fire & Cas. Co. v. Poomaihealani***, 667 F.Supp. 705, 707 (D.Haw. 1987).

Dated:  Honolulu, Hawai'i, <u>10 April 2006</u>.

>  /s/ Keith K. Hiraoka
> KEITH K. HIRAOKA
> Guardian *ad Litem* and Attorney for
> Defendant MARK DAVIS, JR.

---

[3] The ***Takeda*** court also noted that Allstate's declaratory judgment action should not be tried before the underlying tort case. 243 F.Supp.2d at 1101, n.1. *See also,* ***State Farm Fire & Cas. Co. v. Poomaihealani***, 667 F.Supp. 705, 707 (D.Haw. 1987).