**TOM PETRUS & MILLER, LLLC**

RICHARD B. MILLER           3729-0
rmiller@tpm-hawaii.com
Telephone: (808) 792-5855
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii  96813
Telephone: (808) 792-5800

Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois corporation<br><br>Plaintiff,<br><br>vs.<br><br>MARK DANIEL DAVIS; ELLEN PEARL DAVIS; and MARK DAVIS, JR., a minor,<br><br>Defendants. | CIVIL NO.  04-CV-418<br>(Declaratory Judgment)<br><br>PLAINTIFF'S MEMORANDUM RE: PLAINTIFF'S SUPPLEMENTAL FILING; DECLARATION OF RICHARD B. MILLER; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Hearing Date: March 28, 2006<br>Time:         9:30 a.m.<br>Judge:        Hon. Alan C. Kay<br>Trial date:   None |

**PLAINTIFF'S MEMORANDUM RE: PLAINTIFF'S SUPPLEMENTAL FILING**

I.  INTRODUCTION

Pursuant to the Court's "Order Granting Leave to File Memorandum in Response to Plaintiff's March 29, 2006 Supplemental Filing", filed herein on April 4, 2006, Plaintiff Allstate Insurance Company ("Allstate") hereby submits its Memorandum re: Plaintiff's Supplemental Filing.

II.  ARGUMENT

Allstate's supplemental filing consists of certified copies of the following: (1) the criminal Complaint filed in State of

Hawaii v. Mark Davis, Jr., Cr. No. 05-1-0182 and (2) the Judgment of Acquittal and Order Committing Defendant to the Custody of the Director of Health filed in State of Hawaii v. Mark Davis, Jr., Cr. No. 05-1-0182.  Together, these two documents conclusively establish the following facts:

- Defendant Mark Davis, Jr. ("Mark") intentionally or knowingly caused the death of Kau`ilani Lucas-Tadeo ("Kau`ilani"), age 6, in a manner that was especially heinous, atrocious or cruel, manifesting exceptional depravity, thereby committing the offense of murder in the second degree in violation of Sections 707-701.5, 706-657 and 706-660.2 of the Hawaii Revised Statutes, as amended.

- Mark repeatedly and knowingly engaged in sexual penetration with Kau`ilani, thereby committing the offense of sexual assault in the first degree in violation of Sections 707-730(1)(b) and 706-660.2 of the Hawaii Revised Statutes, as amended.

- At trial in the criminal action, the State proved all of the elements of the foregoing offenses, including intent, beyond a reasonable doubt.

- Mark had proven by a preponderance of evidence that at the time he committed the acts which resulted in the charges against him, he suffered from a physical or mental disease, disorder or defect which substantially impaired his ability to conform his conduct to requirements of law and to appreciate the wrongfulness of his conduct, thus excluding penal liability.

The above findings by the Circuit Court of the Third Circuit, State of Hawaii were made pursuant to Haw. Rev. Stat. § 704-400(a), which provides as follows:

(a) A person is not responsible, under [the Hawaii Penal Code] for conduct if at the time of the conduct as a result of physical or mental disease, disorder, or defect the person lacks substantial capacity either to appreciate the wrongfulness of the person's conduct or to conform the person's conduct to the requirements of law.

Significantly, the statute does <u>not</u> provide that a criminal defendant must <u>negate</u> the element of intent or knowledge in order to successfully assert an insanity defense under Hawaii law. Rather, the defense is established as long as the defendant suffered from a condition which substantially impaired his capacity to appreciate the wrongfulness of his act or to conform his conduct to the requirements of law at the time of his criminal act. Significantly, however, the existence of such a condition does <u>not</u> change the fact that the defendant's act itself was both intentional and criminal, hence justifying the Circuit Court's finding in Mark's case that the State had proven <u>every</u> element - i.e., including the element of intent - of the criminal offenses of murder and sexual assault <u>beyond a reasonable doubt</u>. The fact that Mark was acquitted by reason of a physical or mental disease or defect does <u>not</u> change the nature of his acts as both intentional and criminal.

The Homeowner's Policy at issue in this case contains an exclusion for bodily injury caused by an insured's intentional or criminal acts, <u>regardless</u> of whether the insured lacks the mental capacity to govern his or her conduct and regardless of whether he or she is convicted or even charged with a criminal offense. Courts construing identical or substantially identical exclusions have held that their effect is <u>not</u> negated by an insured's insanity. <u>See</u>, <u>e.g.</u>, <u>Cary v. Allstate Ins. Co.</u>, 922 P.2d 1335 (Wash. 1996) (where insurance policy excluded bodily injury

arising from insured's criminal acts, or acts of a criminal nature, even if the insured person lacked the mental capacity to appreciate the wrongfulness of his acts or conform his conduct to the requirements of the law, there was no coverage under policy for fatal stabbing by insured who was acquitted of crime by reason of insanity); Kimble ex rel. Dedon v. Allstate Ins. Co., 710 So.2d 1146 (La.App. 1996) (liability coverage for fatal shooting by insane insured was barred by intentional injury exclusion of homeowners' insurance policy; whether or not insured could form intent to injure, underlying lawsuit alleged an intentional tort, thus exclusion applied even if insured lacked mental capacity to govern his or her conduct).

Northern Ins. Co. of New York v. Hirakawa, 68 Fed.Appx. 835 (9th Cir. 2003), the unpublished decision which was discussed during oral argument on the instant motion, is inapposite, since: (1) the policy therein did not contain a criminal or intentional acts exclusion remotely similar to the one at issue here (i.e., providing that it applied regardless of the insured's capacity) and (2) the case turned solely on the question of whether the underlying plaintiff had alleged an "occurrence" within the meaning of the subject policy. See id. at 836. Moreover, according to the insurer's motion for summary judgment in the underlying District Court case (a copy of which is attached as Exhibit "A" to the Dec.of Richard B. Miller), the intentional acts exclusion in the subject policy in Hirakawa provided, in

relevant part, simply that "Coverage E - Personal Liability do[es] not apply to 'bodily injury'[:] which is expected or intended by one or more 'insureds.'" Exhibit "A" at pg. 8.

By contrast, the intentional and criminal acts exclusion in the Allstate policy at issue in this case - like the exclusions at issue in Cary and Kimble, supra - excludes coverage for bodily injury "which may reasonably be expected to result from the intentional or criminal acts or omissions of ... any insured person," regardless of whether the insured lacks the mental capacity to govern his or her conduct, i.e., to conform his or her conduct to the requirements of the law. Thus, the instant exclusion applies regardless of the insured's subjective intent to commit a crime or to cause bodily injury. Additionally, unlike Mark Davis, the insured in Hirakawa pleaded no contest to the criminal charges against him. In contrast to the underlying Davis criminal case-- in which the Circuit Court found that the State had proven every element (including intent) of the criminal charges against Mark Davis beyond a reasonable doubt-- the plea which was entered by the insured in Hirakawa precluded an adjudication of the criminal charges on the merits in that case.

For all the foregoing reasons, Allstate respectfully renews its request that the Court GRANT the instant motion.

DATED:   Honolulu, Hawaii, April 11, 2006.

_____
RICHARD B. MILLER
Attorneys for Plaintiff