**ORIGINAL**

Of Counsel:
**ROECA LOUIE & HIRAOKA**

KEITH K. HIRAOKA     3423-0
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i    96813-3910
Telephone:    (808) 538-7500
Facsimile:     (808) 521-9648

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 04 2001

at _10_ o'clock and _10_ min. _1_ M
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK, | ) CIVIL NO. 01-00007 SPK BMK |
| ) | |
| Plaintiff, | ) NOTICE OF MOTION; **MOTION FOR** |
| ) | **SUMMARY JUDGMENT;** |
| vs. | ) MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES; EXHIBIT "A"; |
| SHANE KALEO HIRAKAWA, *et al.*, | ) CERTIFICATE OF SERVICE |
| ) | |
| Defendants. | ) Date:   October 24, 2001 |
| ) | Time:   10:00 a.m. |
| ) | Judge:   Samuel P. King |
| ) | Trial:   June 4, 2002 |

140-5

## NOTICE OF MOTION

TO:    DAVID J. MINKIN
      KENNETH J. MANSFIELD
      McCorriston Miller Mukai & McKinnon
      Five Waterfront Plaza, 4th Flr.
      500 Ala Moana Blvd.
      Honolulu, Hawai'i 96813
         Attorneys for Defendants and Counterclaimants
         CINDY TAMURA and DAENA SHIGEMURA

EXHIBIT _A_

25

RALPH J. O'NEILL
MacDonald Rudy & Byrns
2650 Pacific Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
    Attorney for Defendant
    HALE AKAMINE, PH.D.

EDMUND BURKE
PATRICIA C. ABURANO
Burke Sakai McPheeters Bordner Iwanaga & Estes
Grosvenor Center, Mauka Tower
737 Bishop Street, Suite 3100
Honolulu, Hawai'i 96813
    Attorneys for Defendants
    SUTTER HEALTH PACIFIC dba Kahi Mohala Hospital

JEREL D. FONSECA
Davies Pacific Center
841 Bishop Street, Suite 2201
Honolulu, Hawai'i 96813
    Attorney for Defendants
    HERMAN KAPIIOHO, GWENDELYN KAPIIOHO
    and SHANE HIRAKAWA

      NOTICE IS HEREBY GIVEN that the following Motion for Summary Judgment shall

come on for hearing before the Honorable Samuel P. King, United States District Judge, in his

courtroom in the Prince Jonah Kalanianaole Kuhio Federal Building, 300 Ala Moana Boulevard,

Honolulu, Hawai'i 96850, at __10:00__ a .m. on _October 24_ , 2001 or as soon thereafter as

counsel can be heard.

                    AUG 3 0 2001

    Dated: Honolulu, Hawai'i, _____.

                                   _KEITH K. HIRAOKA_
                                   Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| NORTHERN INS. CO. OF NEW YORK, | ) | CIVIL NO. 01-00007 SPK BMK |
| | ) | |
| Plaintiff, | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| SHANE KALEO HIRAKAWA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION FOR SUMMARY JUDGMENT

Plaintiff Northern Insurance Company of New York moves for entry of summary judgment in its favor and against all Defendants, jointly and severally, on the grounds that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law declaring that it is not obligated to defend or indemnify Defendants Shane Kaleo Hirakawa, Herman Kapiioho, Gwendelyn Diane Kapiioho or Deborah Kubo against any potential liability they may incur as a result of the claims made against them in a civil lawsuit captioned *Tamura v. Kapiioho, et al.*, Civil No. 00-1-1006-03, Circuit Court of the First Circuit, State of Hawaiʻi (the "Underlying Action").

Alternatively, if summary judgment is not entered in Plaintiff's favor as to all claims, Plaintiff requests that the Court, by examining the pleadings and evidence before it and by questioning counsel at the hearing on this motion, ascertain what material facts are actually and in good faith controverted, and enter an order specifying the facts which appear without substantial controversy and directing such further proceedings in this action as are just.

This motion is brought pursuant to Fed. R. Civ. P. 56 and is based upon the

memorandum and exhibit attached hereto, the Concise Statement filed herewith, the record and files

herein, and such other and further matters as may be presented to the Court.

Dated: Honolulu, Hawai'i, _____ AUG 3 0 2001 _____.

KEITH K. HIRAOKA
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| NORTHERN INS. CO. OF NEW YORK, | ) | CIVIL NO. 01-00007 SPK BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES |
| vs. | ) | |
| | ) | |
| SHANE KALEO HIRAKAWA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

This declaratory action presents the question of whether a homeowners' insurer is

obligated to defend or indemnify its insureds in a civil lawsuit filed after one of the insureds attacked the

underlying plaintiff's ward with a samurai sword.

## PROCEDURAL HISTORY

On the afternoon of March 30, 1998, Shane Hirakawa attacked Daena Shigemura with

a samurai sword.  Shane and Daena were both minors on the date of the incident.  The facts of the

incident are set forth in documents filed with the state Family Court (Exhibit 1 to the Concise Statement

in support of this motion) which are subject to the terms of the Family Court order attached as

Exhibit A to this motion.  In compliance with the terms of the Family Court order, Exhibit 1 has been

filed under seal.

On March 28, 2000, a civil lawsuit captioned ***Tamura v. Kapiioho, et al.*** was filed as

Civil No. 00-1-1006-03, Circuit Court of the First Circuit, State of Hawai'i (the "Underlying Action").

The plaintiff in the Underlying Action was Daena Shigemura's guardian *ad litem*. Named as

defendants were Shane, his mother Deborah Kubo,[1] his grandparents Herman and Gwendelyn

Kapiioho, and others. On the date of the incident, Shane and his mother lived with Mr. and

Mrs. Kapiioho. They each tendered their defense to Northern Insurance Company under a

homeowners insurance policy which had been purchased by the Kapiiohos. Northern agreed to defend

under a reservation of rights, and filed this declaratory judgment action. Federal jurisdiction is based

upon diversity of citizenship and is not disputed.

## CHOICE OF LAW

> Federal courts sitting in diversity apply state substantive law and federal procedural law. *Snead v. Metropolitan Property & Casualty Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (*citing Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). When interpreting state law, a federal court is bound by the decisions of a state's highest court. *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995). "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Id.* (*citing In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990)).

*Progressive Cas. Ins. Co. v. Ferguson*, 134 F.Supp.2d 1159, 1162 (D.Haw. 2001) (cited as

"*Ferguson*").

---

[1]      Kubo is in default; her default was entered by the court clerk on July 30, 2001.

## PROCEDURAL STANDARD

In considering a motion for summary judgment, the Court must determine whether there is an absence of a genuine issue of material fact viewing the facts in the light most favorable to the nonmoving party. *Holihan v. Lucky Stores, Inc.*, 87 F.3d 362, 366 (9th Cir. 1996); Fed. R. Civ. P. 56(c). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party meets that burden by showing that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. Once the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 323-24, 106 S.Ct. 2548. "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (*citing First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)) (internal quotation marks omitted).

*Ferguson*, 134 F.Supp.2d at 1161-62.

## DISCUSSION

### DUTY TO DEFEND

Under Hawai'i law, an insurer's duty to defend its insured is contractual in nature and is determined by the language of the insurance policy. *See Commerce & Industry Ins. Co. v. Bank of Hawai'i*, 73 Haw. 322, 325, 832 P.2d 733, 735 (1992), *recon. denied*, 73 Haw. 625, 834 P.2d 1315 (1992). The Kapiiohos' homeowners' insurance policy (Exh. 7) contains the following provisions:

> If a claim is made or a suit is brought against an "insured" for damages
> because of "bodily injury" or "property damage" caused by an
> "occurrence" to which this coverage applies, we will:
>
> 1.     Pay up to our limit of liability for the damages for which the
> "insured" is legally liable; and
>
> 2.     Provide a defense at our expense by counsel of our choice, even
> if the suit is groundless, false or fraudulent. We may investigate
> any claim or suit that we decide is appropriate. Our duty to settle
> or defend ends when the amount we pay for damages resulting
> from the "occurrence" equals our limit of liability.

Under this type of defense provision, the allegations in the underlying complaint determine the insurer's

duty to defend. *AIG Hawaii Ins. Co., Inc. v. Smith*, 78 Hawai'i 174, 178, 891 P.2d 261, 265

(1995), *recon. denied*, 78 Hawai'i 421, 895 P.2d 172 (1995).  The insurer has a duty to defend the

insured if the complaint alleges claims which, if proven, would fall within the coverage of the insurance

policy.  *See Sentinel Ins. Co., Ltd. v. First Ins. Co. of Hawai'i, Ltd.*, 76 Hawai'i 277, 287, 875

P.2d 894, 904 (1994), *recon. granted*, 76 Hawai'i 453, 879 P.2d 558 (1994).  Put another way, the

duty to defend is limited to situations where the pleadings have alleged claims for relief which fall within

the coverage afforded by the insurance policy.  *Hawaiian Holiday Macadamia Nut Co., Inc. v.*

*Industrial Indem. Co.*, 76 Hawai'i 166, 872 P.2d 230 (1994).  Where the pleadings "fail to allege

any basis for recovery within the coverage clause, the insurer has no obligation to defend." *Bayudan v.*

*Tradewind Ins. Co.*, 87 Hawai'i 379, 383, 957 P.2d 1061, 1065 (1998).  Thus, to determine

whether Northern has a duty to defend its insureds in the Underlying Action, the Court should analyze

whether the Kapiiohos' insurance policy would cover the insureds' liability if all of the allegations made

by the complaint filed in the Underlying Action were proven.

-4-

## COMPLAINT ALLEGATIONS

The first amended complaint filed in the Underlying Action (Exh. 3) makes the following allegations: Shane and Daena became friends during 1997, when Shane was 15 and Daena was 13. By late 1997, Shane and Daena considered themselves to be boyfriend-and-girlfriend. Approximately two weeks before March 30, 1998, Daena told Shane that she wanted to break up with him. Shane became so upset that he informed other persons – including his mother and grandparents – that he wanted to harm Daena. At the end of the school day on March 30, 1998, Daena walked home from school. On her way home, she was approached by Shane, who was carrying a sword. Shane struck Daena with the sword, slashing her neck, body, arms, hand and legs multiple times with the blade of the sword. Daena suffered severe injuries, lacerations to her neck, body, arms, left hand and left leg, broken bones in her left arm, substantial and serious blood loss, physical and emotional shock, severe emotional distress, mental anguish, loss of consciousness and property damage. Count I of the complaint alleges that Shane negligently harmed Daena, and that his mother and grandparents are vicariously liable for his negligence pursuant to HRS § 577-3.[2]  Count II alleges that Shane negligently

---

2

> **§ 577-3. Natural guardian; liability for torts of child.** The father and mother of an unmarried minor child are jointly the natural guardians of the child's person and property. They shall have equal powers and duties with respect to the child and neither shall have any right superior to that of the other concerning the child's custody or control or any other matter affecting the child; provided that if either parent dies or abandons the family or is incapable for any reason to act as guardian, the guardianship devolves upon the other parent, and that when the parents live apart, the court may award the guardianship to either of them, having special regard to the interests of the child. The father and mother of unmarried minor

(continued...)

-5-

inflicted emotional distress upon Daena, and that his mother and grandparents are vicariously liable for

his negligence pursuant to HRS § 577-3. Count III alleges that Shane's mother and grandparents

negligently supervised Shane, causing Daena to sustain severe physical injuries, property damage and

emotional distress. Count IV alleges that Shane's mother and grandparents negligently entrusted him

with the sword used to injure Daena, causing Daena to sustain severe physical injuries, property

damage and emotional distress. Count V alleges that Shane's mother and grandparents negligently

inflicted severe emotional distress upon Daena by allowing Shane to strike Daena with the sword on

March 30, 1998. Count VI alleges that Shane intentionally and/or knowingly caused Daena to sustain

physical injury, property damage and severe emotional distress, and that Shane's mother and grand-

parents are vicariously liable for Shane's acts pursuant to HRS § 577-3. Count VII alleges that Shane

caused Daena to sustain physical injuries, property damage and severe emotional distress intentionally,

knowingly, wantonly, oppressively, with such malice as implies a spirit of mischief or criminal indif-

ference to civil obligations, wilfully, and/or with an entire want of care which raises the presumption of a

conscious indifference to consequences, and that Shane's mother and grandparents are vicariously

liable for Shane's acts pursuant to HRS § 577-3. Count VIII alleges that Shane intentionally inflicted

emotional distress upon Daena, and that Shane's mother and grandparents are vicariously liable for

Shane's acts pursuant to HRS § 577-3. Count IX alleges that Shane intentionally detained or

---

[2](...continued)

> children shall jointly and severally be liable in damages for tortious acts
> committed by their children, and shall be jointly and severally entitled to
> prosecute and defend all actions in which the children or their individual
> property may be concerned.

restrained Daena within a bounded area against her will, during which time Daena had no reasonable

means of escape, constituting false imprisonment, and that Shane's mother and grandparents are

vicariously liable for Shane's acts pursuant to HRS § 577-3.

### INSURANCE POLICY PROVISIONS

The Kapiiohos' homeowners' insurance policy contains the following liability coverage

provisions:

> In this policy, "you" and "your" refer to [Herman Kapiioho and Gwendelyn Diane Kapiioho].

> ### SECTION II – LIABILITY COVERAGES

> ### COVERAGE E – Personal Liability

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" . . . caused by an "occurrence" to which this coverage applies, we will:

> 1.   Pay up to our limit of liability for the damages for which the "insured" is legally liable; and

> 2.   Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

> "Insured" means you and residents of your household who are:

> a.   Your relatives; or

> b.   Other persons under the age of 21 and in the care of any person named above.

"Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in . . . "[b]odily injury"[.]

**Coverage E – Personal Liability** . . . do[es] not apply to "bodily injury"[:]

a.    Which is expected or intended by one or more "insureds"[.]

### A.    <u>Reduction of Coverage</u>

3.    The exclusion of coverage for liability for damages arising out of an expected or intended act by the insured has been revised so that coverage is precluded not only for the insured who caused the injury or damage, but also for other insureds who were not directly involved in the incident.

### <u>ANALYSIS</u>

Mr. and Mrs. Kapiioho qualify as "insureds" because they are the policyholders. Kubo is the Kapiiohos' daughter. Shane is the Kapiiohos' grandson. Since Kubo and Shane were living with the Kapiiohos when Shane attacked Daena, they also qualify as "insureds" under the insurance policy. The underlying complaint alleges "bodily injury" as defined by the insurance policy. However, Daena's bodily injury was not caused by an "occurrence."

### A.    <u>No "Occurrence"</u>

Shane was convicted of attempted second degree murder after entering a plea of no contest. A conviction based upon a "no contest" plea is admissible evidence of the defendant's

commission of the crime in question in a civil action. *Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 416, 992 P.2d 93, 111 (2000); *Hawaiian Ins. & Guar. Co., Ltd. v. Blanco*, 72 Haw. 9, 17, 804 P.2d 872, 880 (1990), *overruled in part on other grounds, Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93 (2000). Since Shane intentionally attacked Daena with a samurai sword, under Hawai'i law Daena's bodily injury was not caused by an "occurrence." *Hawaiian Holiday Macadamia Nut Co., Inc. v. Industrial Indem. Co.*, 76 Hawai'i 166, 170, 872 P.2d 230, 234 (1994) ("in order for the insurer to owe a duty to defend or indemnify, the injury cannot be the expected or reasonably foreseeable result of the insured's own intentional acts or omissions") (*citing AIG Hawaii Ins. Co., Inc. v. Caraang*, 74 Haw. 620, 635-36, 851 P.2d 321, 329 (1993) (*citing Hawaiian Ins. & Guar. Co., Ltd. v. Blanco*, 72 Haw. 9, 804 P.2d 876 (1990), *overruled in part on other grounds, Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93 (2000); *Hawaiian Ins. & Guar. Co., Ltd. v. Brooks*, 67 Haw. 285, 686 P.2d 23 (1984), *overruled in part on other grounds, Dairy Road Partners v. Island Ins. Co., Ltd.*, 92 Hawai'i 398, 992 P.2d 93 (2000))). *See also, State Farm Mut. Auto. Ins. Co. v. Cage*, 874 F.Supp. 272 (D.Haw. 1994); and *State Farm Mut. Auto. Ins. Co. v. Pichay*, 834 F.Supp. 329 (D.Haw. 1993). Since there was no "occurrence," there is no potential for coverage. Since there is no potential for coverage, there is no duty to defend.

The Defendants might attempt to argue that the complaint in the Underlying Action alleges that Shane "negligently" injured Daena, thereby alleging an "occurrence". However, inclusion of an allegation of "negligence" in a complaint does not necessarily trigger the potential for coverage under an "occurrence" policy so as to require the insurer to defend the insured. In *Bayudan v. Tradewind*

-9-

*Ins. Co.*, 87 Hawai'i 379, 957 P.2d 1061 (App. 1998), the plaintiff's complaint alleged that the

defendant negligently inflicted emotional distress and failed to provide a safe place, among other things.

The underlying factual allegations, though, described a kidnapping and sexual assault (intentional acts

not covered under the defendant's homeowners insurance policy).  The Intermediate Court of Appeals

held that "the mere recasting of these facts under various counts does not raise a potential for coverage

under counts II through V, and ruled Tradewind had no duty to defend against the original complaint."

87 Hawai'i at 386.  *See also, **Dairy Road Partners v. Island Ins. Co., Ltd.**,* 92 Hawai'i 398, 417,

992 P.2d 93, 112 (2000) ("when the facts alleged in the underlying complaint unambiguously exclude

the possibility of coverage, conclusory assertions contained in the complaint regarding the legal

significance of those facts (such as that the facts as alleged demonstrate 'negligent' rather than

'intentional' conduct) are insufficient to trigger the insurer's duty to defend.").

### B.   Exclusion for "Expected or Intended" Bodily Injury

The insurance policy excludes coverage for bodily injury "[w]hich is expected or

intended by *one or more* 'insureds'" (emphasis added).  Under Hawai'i law, Daena's bodily injury

was expected or intended by Shane.  Shane is one of the insureds.  Accordingly, the exclusion applies

to all of the insureds.  *Allstate Ins. Co. v. Kim,* 121 F.Supp.2d 1301, 1308 (D.Haw. 2000) ("[T]he

majority of courts addressing such a clause in connection with an exclusionary clause worded 'any

insured' or 'an insured' have held that the exclusionary clause expresses a contractual intent to create

joint obligations and preclude coverage to innocent co-insureds, despite the presence of a severability

clause.  Thus, the majority opinion holds, as does this Court, that a severability clause does not prevent

-10-

an intentional acts exclusion from barring coverage for the alleged negligence of an intentional tort-

feasor's coinsureds." (footnote omitted)) (*citing Carbone v. General Accident Ins. Co.*, 937

F.Supp. 413 (E.D.Pa. 1996); *Caroff v. Farmers Ins. Co. of Wa.*, 98 Wash.App. 565, 989 P.2d

1233, 1237 (1999); *Johnson v. Allstate Ins. Co.*, 687 A.2d 642, 644-45 (Me. 1997); *American*

*Family Mut. Ins. Co. v. Copeland-Williams*, 941 S.W.2d 625, 629-30 (Mo.App. 1997); *Oaks v.*

*Dupuy*, 653 So.2d 165 (La.Ct.App. 1995); *American Family Mut. Ins. v. Moore*, 912 S.W.2d

531 (Mo.App. 1995); *Chacon v. American Family Mut. Ins. Co.*, 788 P.2d 748, 752 (Colo.

1990)). *See also*, *Neuman v. Mauffray*, 771 So.2d 283, 285 (La.App. 2000) ("The language of the

exclusionary clause is not restricted to intentional acts of the particular insured sought to be held liable,

but it is broad enough to exclude coverage for any loss intentionally caused, or at the direction of, an

insured person[.]"); *Allstate Ins. Co. v. Roelfs*, 698 F.Supp. 815, 822 (D.Alaska 1987) ("The Roelfs

policy excludes coverage for bodily injury intentionally caused by "an insured.' I conclude the exclusion

is unambiguous; if the claims arise from bodily injury intentionally caused by any one insured, all claims

are excluded, regardless of whether they are stated against a different insured for unintentional

conduct."); *Allstate Ins. Co. v. McCranie*, 716 F.Supp. 1440, 1447-48 (S.D.Fla. 1989) ("The use

of 'an insured' in the exclusion language as opposed to 'the insured' results in denial of coverage for a

negligent insured if another insured committed an intentional act."); *Allstate Ins. Co. v. Foster*, 693

F.Supp. 886, 889 (D.Nev. 1988) ("Since the . . . Policy excludes coverage for harm resulting from the

intentional or criminal 'acts of an insured person,' the insurance policy excludes coverage to any other

insureds . . . for liability arising from the harm which is directly attributable to the intentional or criminal

act [of one of the insureds]."); *Western Mut. Ins. Co. v. Yamamoto*, 29 Cal.App.4th 1474, 35

-11-

Cal.Rptr.2d 698 (1994); *Farmers Ins. Co. of Wash. v. Hembree*, 54 Wash.App. 195, 200, 773

P.2d 105, 108 (1989) ("[T]he exclusion is not restricted to intentional acts of the particular insured

sought to be held liable, but broadly excludes coverage for all intentionally caused injury or damage by

an insured, which includes anyone insured under the policy.").

     *Allstate Ins. Co. v. Kim*, 121 F.Supp.2d 1301 (D.Haw. 2000) was decided under

facts materially identical to those at issue in this case. In *Kim*, a woman named Choi claimed that a

minor named Lawrence Kim entered her apartment and "with great force and violence attacked [her]

and struck [her] repeatedly in the face, on her head and body with a hammer and his fists and feet."

121 F.Supp. at 1306. Choi sued Lawrence and his parents in state court. She claimed that Lawrence

assaulted her and that his parents negligently failed to discipline their son or obtain medical or

psychological assistance for him. Lawrence and the Kims tendered their defense to Allstate under the

Kims' homeowners insurance policy. Allstate defended under a reservation of rights and filed a

declaratory judgment action in the District of Hawai'i. Allstate's homeowners' policy provided:

> Allstate will pay damages which an insured person becomes legally
> obligated to pay because of bodily injury . . . arising from an occurrence
> to which this policy applies, and is covered by this part of the policy.
>
>        *       *       *
>
> We do not cover any bodily injury . . . intended by, or which may
> reasonably be expected to result from the intentional or criminal acts or
> omissions of, any insured person.

121 F.Supp. at 1302-03. The court held that Allstate was not obligated to defend or indemnify

Lawrence:

> In sum, because Lawrence is an insured under the policy, and the acts alleged in the pleadings are intentional and criminal in nature, [Allstate] has no duty under [the homeowners'] policy to defend or indemnify Lawrence for any claims arising from the bodily injury allegedly inflicted by Lawrence. Accordingly, Plaintiff is entitled to summary judgment as to its duty to defend or indemnify Lawrence.

121 F.Supp. at 1306. The court also held that Allstate was not obligated to defend or indemnify the

Kims:

> The Homeowners Policy excludes coverage for intentional or criminal acts, thus disallowing an insured to be indemnified against the effects of any intentional wrongdoing. Defendants argue, however, that where the exclusion applies to claims against an insured for damage caused by the intentional conduct of the insured's child, and the insured is vicariously liable under statute for the torts of his or her child, the exclusion violates public policy. The Court, however, disagrees, as the policy of preventing the encouragement of wilful torts applies even in the face of a parental liability statute. Indeed, such a combination will prevent the encouragement of wilful torts of children and parental indifference thereto.

121 F.Supp. at 1307.

In this case, Daena's bodily injury was expected or intended by Shane. Since Shane is

one of the insureds, the "expected or intended" exclusion applies to all of the insureds.

## CONCLUSION

Based upon the foregoing, the Court should enter summary judgment in favor of Plaintiff

and against all Defendants, jointly and severally, declaring that Northern is not obligated to defend or

indemnify Shane Hirakawa, Herman Kapiioho, Gwendelyn Diane Kapiioho or Deborah Kubo against

-13-

any potential liability they may incur as a result of the claims made against them in *Tamura v.*

*Kapiioho, et al.*, Civil No. 00-1-1006-03, Circuit Court of the First Circuit, State of Hawai'i.

Dated: Honolulu, Hawai'i, _____ AUG 3 0 2001 _____.

KEITH K. HIRAOKA
Attorney for Plaintiff

-14-

Of Counsel:
**ROECA LOUIE & HIRAOKA**

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2001 JUN -7 AM 10: 47

R. HIGA
CLERK

KEITH K. HIRAOKA        3423-0
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i    96813-3910
Telephone: (808) 538-7500
Facsimile: (808) 521-9648

Attorney for Petitioner
NORTHERN INSURANCE COMPANY OF NEW YORK

### IN THE FAMILY COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| IN THE INTEREST OF ) | FC-M NO. 01-1-0419 |
| ) | |
| **SHANE KALEO HIRAKAWA,** ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART PETITION FOR |
| A MINOR ) | PERMISSION TO INSPECT FAMILY |
| ) | COURT RECORDS |
| Born on January 22, 1982 ) | |
| ) | Date:  April 23, 2001 |
| ) | Time:  9:00 a.m. |
| _____ ) | Judge: Frances Q.F. Wong |

140-5

### ORDER GRANTING IN PART AND DENYING IN PART PETITION
### FOR PERMISSION TO INSPECT FAMILY COURT RECORDS

Northern Insurance Company of New York's Petition For Permission to Inspect

Family Court Records was heard at 9:00 a.m. on **April 23, 2001** by the Honorable Frances Q.F.

Wong.  Keith K. Hiraoka appeared for the Petitioner.  Rodney Ching appeared for Shane Kaleo

Hirakawa, Herman Kapiioho and Gwendelyn Kapiioho.  David Minkin and Kenneth Mansfield

appeared for Cindy Tamura.  Patricia Aburano appeared for Sutter Health Pacific dba Kahi

Mohala.  Ralph O'Neill appeared for Hale Akamine, Ph.D.  The Court, having considered the

written and oral submissions of counsel and the record and files in the case, and being otherwise

 **EXHIBIT "A"**

fully advised, ordered that an *in camera* inspection of the Family Court records which are the

subject of the Petition would be conducted and the Court would then decide which documents, if

any, would be subject to inspection and copying by the parties. On **May 7, 2001**, after duly

conducting an *in camera* inspection of the Family Court records which are the subject of the

Petition, the Court orders as follows:

1.      The Petition is GRANTED with respect to disclosure of the following

Legal Records of Shane Hirakawa:

> a.      document(s) and/or redacted portion(s) thereof consisting of 237
> pages and further identified as Court's Exhibit "A";
>
> b.      a copy of all documents disclosed is available to each counsel upon
> payment of the Judiciary's copying charge of $132.00.  Counsel is
> to contact the Court's law clerk, Michelle Nakata (539-4440) or
> her successor to request copies of the disclosed documents.

2.      The Petition is GRANTED with respect to disclosure of the transcript of

the waiver hearing held on April 30, 1998 and May 11, 1998, since the Court (by Judge Kochi)

ruled that the waiver hearing was open.  Any party desiring a copy of the transcript shall contact

the First Circuit Court Court Reporters' office to make arrangements to obtain a copy.  The

copying charge of $132.00 set forth in paragraph 1 of this order does *not* include the cost of the

transcript of the waiver hearing.

3.      The original, unredacted copy of all documents submitted for *in camera*

review, as well as those documents marked as Court's Exhibit "A" shall be sealed and made a

part of the record in the above-referenced proceeding for any possible appeal.

---

*Order Granting in Part and Denying in Part Petition for Permission to Inspect Family Court Records:* In re
Shane Kaleo Hirakawa, FC-M NO. 01-1-0419, Family Court of the First Circuit, State of Hawai'i.

Page 2 of 4

4.      The documents disclosed pursuant to this Order shall be used only for

purposes of the following proceedings:

        a.    *Tamura v. Kapiioho, et al.*, Civil No. 00-1-1006-03, Circuit Court of the First Circuit, State of Hawai'i (the "Underlying Action"); and

        b.    *Northern Ins. Co. of New York v. Hirakawa, et al.*, Civil No. 01-00007, United States District Court, District of Hawai'i (the "Declaratory Judgment Action").

The procedure for use of documents disclosed pursuant to this Order shall be as follows: All

pleadings or other documents filed with the court presiding over the Underlying Action or the

Declaratory Judgment Action which contain copies of documents disclosed pursuant to this order

shall be first marked "**CONFIDENTIAL**" and shall be filed in sealed envelopes or containers

upon which shall be recorded the title of the action, the general nature of the contents, the word

"**CONFIDENTIAL**" and a statement substantially in the following form:

> This envelope filed herein by _____ is not to be opened by, nor the contents thereof revealed to, anyone except: (1) the above-referenced Court and any appellate court for purposes of adjudication of the above-captioned action (including any appeal therefrom) and thereafter resealed; or (2) by order of the Family Court of the First Circuit, State of Hawai'i, in FC-M NO. 01-1-0419.

DATED: Honolulu, Hawai'i,       JUN 0 6 2001       .

FRANCES Q. L. _____

_____
Judge of the above-entitled Court

---

*Order Granting in Part and Denying in Part Petition for Permission to Inspect Family Court Records:* In re Shane Kaleo Hirakawa, FC-M NO. 01-1-0419, Family Court of the First Circuit, State of Hawai'i.

Page 3 of 4

APPROVED AS TO FORM:

_____

RODNEY CHING
Attorney for SHANE KALEO HIRAKAWA,
HERMAN KAPIIOHO and GWENDELYN KAPIIOHO.

_____

DAVID MINKIN
KENNETH MANSFIELD
Attorneys for CINDY TAMURA

_____

PATRICIA ABURANO
Attorney for SUTTER HEALTH PACIFIC DBA KAHI MOHALA

_____

RALPH O'NEILL
Attorney for HALE AKAMINE, Ph.D.

---

*Order Granting in Part and Denying in Part Petition for Permission to Inspect Family Court Records:* In re
Shane Kaleo Hirakawa, FC-M NO. 01-1-0419, Family Court of the First Circuit, State of Hawai'i.

Page 4 of 4

APPROVED AS TO FORM:


RODNEY CHING
Attorney for SHANE KALEO HIRAKAWA,
HERMAN KAPIIOHO and GWENDELYN KAPIIOHO.


DAVID MINKIN
KENNETH MANSFIELD
Attorneys for CINDY TAMURA

PATRICIA ABURANO
Attorney for SUTTER HEALTH PACIFIC DBA KAHI MOHALA


RALPH O'NEILL
Attorney for HALE AKAMINE, Ph.D.

---

*Order Granting in Part and Denying in Part Petition for Permission to Inspect Family Court Records:* In re
Shane Kaleo Hirakawa, FC-M NO. 01-1-0419, Family Court of the First Circuit, State of Hawai'i.

Page 4 of 4

APPROVED AS TO FORM:

_____

RODNEY CHING
Attorney for SHANE KALEO HIRAKAWA,
HERMAN KAPIIOHO and GWENDELYN KAPIIOHO.


_____

DAVID MINKIN
KENNETH MANSFIELD
Attorneys for CINDY TAMURA


_____

PATRICIA ABURANO
Attorney for SUTTER HEALTH PACIFIC DBA KAHI MOHALA

_____

RALPH O'NEILL
Attorney for HALE AKAMINE, Ph.D.

*Order Granting in Part and Denying in Part Petition for Permission to Inspect Family Court Records:* In re
Shane Kaleo Hirakawa, FC-M NO. 01-1-0419, Family Court of the First Circuit, State of Hawai'i.

Page 5 of 5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

NORTHERN INSURANCE COMPANY OF)    CIVIL NO. 01-00007 SPK/BMK
NEW YORK,                     )
                              )    CERTIFICATE OF SERVICE
                  Plaintiff,  )
                              )
        vs.                   )
                              )
SHANE KALEO HIRAKAWA, *et al.*,   )
                              )
                  Defendants. )
_____)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served by

depositing the same in the United States mail (M) postage prepaid, and/or hand-delivered (HD) to the

following at their last known address:

DAVID J. MINKIN          (HD)
KENNETH J. MANSFIELD
McCorriston Miller Mukai & McKinnon
Five Waterfront Plaza, 4th Flr.
500 Ala Moana Blvd.
Honolulu, Hawai'i  96813
Attorney for Defendants and Counterclaimants
CINDY TAMURA and DAENA SHIGEMURA

RALPH J. O'NEILL          (HD)
MacDonald Rudy & Byrns
2650 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Attorney for Defendant
HALE AKAMINE, PH.D.

EDMUND BURKE, ESQ.     (HD)
PATRICIA C. ABURANO, ESQ.
Burke Sakai McPheeters Bordner
  Iwanaga & Estes
Grosvenor Center, Mauka Tower
737 Bishop Street, Suite 3100
Honolulu, Hawaii 96813
Attorney for Defendants
SUTTER HEALTH PACIFIC dba Kahi Mohala Hospital

JEREL D. FONSECA, ESQ.     (HD)
Davies Pacific Center
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Attorney for Defendants
HERMAN KAPIIOHO, GWENDELYN KAPIIOHO and
SHANE HIRAKAWA

DATED: Honolulu, Hawai'i, ____AUG 3 0 2001_____.

KEITH K. HIRAOKA
Attorney for Plaintiff

-2-