JOY A. SAN BUENAVENTURA 3602
Attorney At Law
A Law Corporation
101 Aupuni Street, Suite 311
Hilo, Hawaii 96720
Telephone: (808) 961-2131
Attorney for George and Tumata Tadeo

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE,<br><br>Plaintiff,<br><br>vs.<br><br>MARK DANIEL DAVIS, et al.<br><br>Defendants. | CIVIL NO. 04-CV-418<br><br>INTERVENORS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL FILING; CERTIFICATE OF SERVICE.<br><br>Deadline: April 11, 2006<br>Hearing:  March 28, 2006<br>Judge:    Hnr. Alan C. Kay |

**INTERVENORS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL FILING**

At the hearing on March 28, 2006, an issue arose as to the effect of the Judgment of Acquittal entered in the Third Circuit State of Hawaii in CR. No. 05-1-182 to this proceedings. Although there are no Hawaii cases on the point, the following cases from other jurisdictions have held that such a judgment in a criminal proceeding is irrelevant because a different rule is applied to determine whether an insane person's actions are intentional within the meaning of an exclusionary provision in an insurance policy. *Aetna Casualty & Surety Company*

*v. Dichtl,* 398 N.E. 2d 582, 586-587(Ill. 1979), *Rajspic v. Nationwide Mut. Ins. Co.* 718 P.2d 1167 (Idaho 1986). In fact, the *Aetna* court further found that the Judgment of Acquittal may not be admissible in the declaratory action proceeding. *Aetna,* 398 N.E. 2d 582, 589.

    *I. Evidence of Acquittal of Murder by Reason of Insanity Is Not Admissible.*

    Although evidence of a criminal conviction is admissible in a later civil proceeding, the same rule does not apply to criminal acquittals. An Acquittal does not purport to be a judgment of innocence but that the proof necessary for a conviction was not forthcoming. *Aetna Casualty & Surety Company v. Dichtl,* 398 N.E. 2d 582, 589(Ill. 1979). Thus, the Illinois court doubted the admissibility of a Judgment of Acquittal for summary judgment purposes.

    In *Aetna,* like the instant case, the insurer filed a complaint seeking declaratory relief as to whether it had a duty to defend or to indemnify coverage for a wrongful death claim in the underling civil action where the insured had previously been acquitted of murder by reason of insanity. The Illinois Court of Appeals found that the issue of mental capacity to form the intent to injure or expectation of injury remains a contested issue of fact and upheld the trial court's denial of summary judgment. Similarly, the intent to injure from the perspective of the insured and the expectation of injury remain contested issues of fact in the present case because the Third Circuit court found that Mark Davis Jr. lacked the

2

capacity to appreciate the wrongfulness of his conduct. In fact, the criminal complaint filed in this case does NOT state what act or acts Mark Davis, Jr. is said to have committed that caused Kauilani Tadeo's death. Mark Davis, Jr. himself has no memory of what he did or of the incident itself.

    *II. The "Insured's Perspective" is a Subjective Standard.*

The Illinois Court in *Aetna* rejected the insurer's argument that the "standpoint of the insured" is an objective standard. "If anything, it supports a subjective or personal standard." 398 N.E. 2d 582, 588. The Illinois Court looked at the facts of the underlying Illinois case that required intent from the "insured's perspective" and although the subjective standard was not clearly stated it was implied.

Like the underlying case in Illinois, the underlying case in Hawaii implied a subjective standard in holding that intent for exclusionary purposes is to be determined from the Insured's perspective. *AIG Hawaii Ins. v. Estate of Caraang,* 851 P.2d 321. Nowhere in its opinion in *Caraang* did the Hawaii Supreme Court state what an insured reasonable man would have or would not have done. In *Caraang,* the Hawaii Supreme Court held that there was coverage where the insured did not know that a passenger had a gun at the time of the shooting regardless of whether the insured knew that prior to the ride, the insured's passenger had possessed a gun and actually pulled a gun on the victim. The clear

3

implication from the facts of *Caraang* is that the Hawaii Supreme Court meant a subjective standard. Like the insured in *Caraang,* the Davis parents claimed that they had no knowledge that Mark Davis Jr. would attack Kauilani Tadeo regardless of how they had raised him. From their perspective, Kauilani's death was accidental.

A Ninth Circuit District Court similarly ruled that the "insured's perspective" is a subjective standard. *Smith v. Hughes Aircraft Company Corp.* 783 F.Supp. 1222. The Arizona Federal court noted that the phrase does not say "from the standpoint of a 'reasonable person'." 783 F.Supp. 1222, 1226-1227

*III. An Insane Person's Commission of an Intentional Tort does Not of Itself Relieve the Insurer of Duty to Indemnify.*

In *Rajspic v. Nationwide Mut. Ins. Co.* 718 P.2d 1167 (Idaho 1986), the Idaho Supreme Court refused to adopt the Insurer's position that "where an insane person is found to have committed an intentional tort, an insurance policy excluding coverage for injuries intentionally caused by the insured will *always* operate to relieve the insurance carrier of liability for the tort judgment".

The Idaho court noted that a person who is considered insane may still be capable of entertaining the intent to commit certain tortious acts even though he entertains that intent as a consequence of his delusion or affliction. An insane person may be liable for an intentional tort, yet may still not have intentionally

4

caused an injury within the meaning of the insurance exclusion. *Rajspic,* 718 P.2d 1169-1170.  In fact, the Idaho court considers this line of reasoning as the great weight of authority. *Rajspic,* 718 P.2d at 1171.  See similar rulings in *Preferred Risk v. Saboda,* 489 So. 2d 768 (Fla. Dist. Ct. App. 1986) where an insane insured's shooting of SWAT team was held to not prevent homeowners policy coverage; *State Farm Fire & Cas. v. Morgan,* 368 S.E. 2d 509 (Ga. 1988) where the insured was voluntarily intoxicated at the time of killing his son and daughter-in-law and *Preston v. Granger,* 517 So. 2d 1125 (La.App. 1987)

<u>CONCLUSION</u>  From the standpoint of the insured Davis parents, Kauilani Tadeo's death may be considered accidental; and thus, Plaintiff is required to indemnify and defend the Davis parents.  From the standpoint of Mark Davis, Jr., who does not remember the incident at all, Kauilani Tadeo's death may be considered accidental as well.  The criminal acquittal of Mark Davis, Jr., if admitted, is irrelevant as to the state of mind required for exclusionary purposes.

      DATED:  Hilo, Hawaii, April 11, 2006.

                                                   ___/s/ Joy A. San Buenaventura____
                                                   JOY A. SAN BUENAVENTURA
                                                   Attorney for Intervenors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2006, a true and correct copy of the foregoing was duly served upon the following by delivering in the following manner at their last known address:

**Served by U.S. Mail**

Richard B. Miller   rmiller@tmp-hawaii.com         on April 11, 2006

Keith K. Hiraoka   khiraoka@rlhlaw.com          on April 11, 2006.

Ellen Pearl Davis, PO Box 38754, Detroit, MI 48238 on April 11, 2006

DATED: Hilo, Hawaii, April 11, 2006.

                                       __/s/Joy A. San Buenaventura_____
                                       JOY A. SAN BUENAVENTURA